1    **PHILLIPS, SPALLAS & ANGSTADT LLP**
     **Robert K. Phillips -135088**
2    **Candice A. Mullings 0237383**
     Three Embarcadeo, Suite 550
3    San Francisco, California   94111
     Telephone:  (415) 278-9400
4    Facsimile:   (415) 278-9411

5    Attorneys for Defendant,
     WAL-MART STORES, INC.

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10                         **SAN JOSE DIVISION**

11

12   **NATHALIE THUY VAN**                    **Case No. : C 08 05296 PVT**

13              Plaintiff,
            v.                               **DEFENDANT WAL-MART STORES,**
14                                           **INC.'S NOTICE OF MOTION AND**
     **WAL-MART STORES, INC.**              **MOTION AND MEMORANDUM OF**
15                                           **POINTS AND AUTHORITIES IN**
                                             **SUPPORT OF PROTECTIVE ORDER**
16              Defendant.
17                                           **(Filed concurrently with (1) Declaration in**
                                             **Support of Protective Order (2) Proposed**
18                                           **Order for Protective Order (3) Motion for**
                                             **Order Shortening Time for Protective Order**
19                                           **(4) Declaration in Support of Order**
                                             **Shortening Time (5)  Proposed  Order**
20                                           **Shortening Time for Protective Order)**
21                                           **Date:  November 30, 2010**
22                                           **Time:  10:00am**
                                             **Dept:  Courtroom 5, 4th Floor**
23

24

25

26

27

28                                  - 1 —

1

TABLE OF CONTENTS                                      Page

2

I.      NOTICE OF MOTION AND MOTION                                              5

3

II.     INTRODUCTION                                                            6

4

III.    PROCEDURAL POSTURE                                                      7

5

IV.     STATEMENT OF FACTS                                                      7

6

V.      STATEMENT OF DISPUTED DISCOVERY ISSUES/POSITIONS                        8

7

      i.      SOCIAL SECURITY NUMBERS                                        8

8

          a.     PLAINTIFF'S POSITION

9

          b.     DEFENDANT'S POSITION

10

      ii.     MICHAEL SALANOA'S PERSONNEL FILE                               9

11

          a.     PLAINTIFF'S POSITION

12

          b.     DEFENDANT'S POSITION

13

      iii.    MICHAEL SALANOA'S PERSONNEL FILE                               10

14

          a.     PLAINTIFF'S POSITION

15

          b.     DEFENDANT'S POSITION

16

      iv.     WAL-MART'S POLICIES AND PROCEDURES                             11

17

          a.     PLAINTIFF'S POSITION

18

          b.     DEFENDANT'S POSITION

19

VI.     MEET AND CONFER                                                         12

VII.    LEGAL ARGUMENT                                                          12

20

    A.      A PROTECTIVE ORDER MAY BE ISSUED UPON A SHOWING OF GOOD CAUSE AND   12

21

          A SHOWING OF A PARTICULAR AND SPECIFIC NEED FOR THE ORDER.

22

      1.      GOOD CAUSE EXISTS TO ISSUE A BLANKET PROTECTIVE ORDER BECAUSE

23

          FUTURE DISCOVERY IS LIKELY TO INCLUDE THE PRODUCTION OF PROPRIETARY

24

          BUSINESS PRACTICES REGARDING THE PROTECTION OF WALMART'S PROPERTY,

25

          PERSONNEL INFORMATION, PLAINTIFF'S MENTAL HEALTH RECORDS, AND PRIVATE

26

          CONTACT INFORMATION OF THIRD PARTY WITNESSES.

27

      2.      GOOD CAUSE EXISTS TO PROHIBIT PLAINTIFF'S REQUEST FOR THE PRODUCTION OF

28

- 2 -

SOCIAL SECURITY NUMBERS BECAUSE PLAINTIFF HAS NOT ATTEMPTED TO USE THE LESSER INTRUSIVE METHOD OF LOCATING THE FORMER EMPLOYEES THROUGH THE UPDATED CONTACT INFORMATION PROVIDED BY DEFENDANT, PLAINTIFF'S FAILURE TO LOCATE THE FORMER EMPLOYEES IS DUE TO HER FAILURE TO PROPOUND ANY DISCOVERY UNTIL AUGUST 2010, AND IT IS FORESEEABLE THAT THE SOCIAL SECURITY NUMBERS WILL BE USED FOR ILLEGITIMATE PURPOSES.

3.   GOOD CAUSE EXISTS TO LIMIT THE SCOPE OF PLAINTIFF'S REQUEST FOR "ALL PERSONNEL DOCUMENTS" TO DOCUMENTS WHICH ARE RELEVANT TO PLAINTIFF'S CLAIMS BECAUSE FRCP 26 (b) PROVIDES THAT A PARTY IS ONLY ENTITLED TO RELEVANT INFORMATION, THE REQUESTED POST-INCIDENT END OF EMPLOYMENT RECORDS ARE CLEARLY IRRELEVANT, AND THE REQUEST FOR UNSPECIFIED PERSONNEL DOCUMENTS VIOLATES THIRD PARTY PRIVACY RIGHTS.

4.   GOOD CAUSE EXISTS TO LIMIT THE DISCLOSURE OF PERSONNEL DOCUMENTS FROM THIRD PARTIES AND FOR USE IN THIS LITIGIATION ONLY BECAUSE OF PRIVACY CONCERNS AND THE PRESUMPTIVE RULE THAT DISCOVERY IS AVAILABLE TO THE PUBLIC, ABSENT A PROTECTIVE ORDER.

5.   GOOD CAUSE EXISTS TO LIMIT THE DISCLOSURE OF WALMART'S ASSET PROTECTION POLICIES AND PROCEDURES FROM DISCLOSURE TO THIRD PARTIES AND FOR USE IN THIS LITIGATION ONLY BECAUSE THE PROCEDURES INCLUDE WALMART'S PRESENT BUSINESS STRATEGIES, AND UNNECCESARY DISCLOSURE WOULD SUBJECT WALMART TO BEING HARMED BY THIRD PARTIES APPRISING THEMSELVES OF THE POLICIES POTENTIALLY USING THEM TO STEAL WALMART'S PROPERTY.

VIII.   IN CAMERA REVIEW                                                                                          20

IX.   CONCLUSION                                                                                                    20

DEFENDANT WAL-MART STORES. INC.'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PROTECTIVE ORDER
Case No. : C 08 05296 PVT

TABLE OF AUTHORITIES

**CASES**

*Blankenship v. Hearst Corp.* ................................................................... 13

519 F.2d 418, 429 (9th Cir. 1975)

*Cook v. Yellow Freight System, Inc.* ....................................................... 16

132 F.R.D. 548, 550-551 (E.D. Cal. 1990)

*Foltz v. State Farm Mut. Auto. Ins. Co.* .................................................. 13

331 F.3d 1122, 1131 (9th Cir. 2003)

*Gillard v. Boulder Valley School Dist.* .................................................... 13

196 F.R.D. 382, 386 (D.Colo. 2000)

*Jepson, Inc. v. Makita Elec. Works, Lt* .................................................... 13

 30 F.3d 854, 858 (7th Cir. 1994)

*Johnson ex rel Johnson v. Thompson* ...................................................... 16

971 F.2d 1487, 1497 (10th Cir. 1992)

*Laxalt v. McClatchy* ............................................................................... 16

258 U.S. App. D.C. 44, 809 F.2d 885, 889 (D.C. Cir. 1987)

*Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.* ............................ 18

981 F.2d 429, 438-39 (9th Cir. 1992)

*cert. denied,* 508 U.S. 908, 113 S. Ct. 2336, 124 L. Ed. 2d 247 (1993)

*Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.* ......... 14

121 F.R.D. 264, 268 (M.D.N.C. 1988)

*Quality Inv. Props. Santa Clara, LLC v. Serrano Elec., Inc.* ..................... 13

2010 U.S. Dist. LEXIS 81796 (N.D. Cal. July 21, 2010)

*San Jose Mercury News, Inc. v. United States Dist. Ct.* ............................ 20

187 F.3d 1096, 1103 (9th Cir. 1999)

## STATUTES

Civil Local Rule 7-2 ....................................................................   6

Federal Rule of Civil Procedure 1 ........................................   13

Federal Rule of Civil Procedure 26(b) .................................   14, 15, 18

Federal Rule of Civil Procedure 26(c) ....  ............................   5, 13, 14

Local Rule 6-1 ..........................................................................   6

Local Rule 6-3 ..........................................................................   6

Local Rule 37-1(b) ...................................................................   12

**TO THE COURT AND PRO PER PLAINTIFF NATHALIE THUY VAN:**

**I.     NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on November 30, 2010 at 10:00am or as soon thereafter as the matter may be heard in the above-entitled court, Courtroom 5, 4th Floor, located at 280 South First Street, San Jose, CA 95113, Defendant WAL-MART STORES, INC. ("Walmart") will and hereby does move, pursuant to Federal Rule of Civil Procedure 26(c), for a Protective Order which:

     **(1)**    **Protects against the future disclosure of confidential information;**

     **(2)**    **Forbids Plaintiff's request for the production of social security numbers;**

     **(3)**    **Limits the scope of Plaintiff's request for "all" personnel documents to relevant information;**

     **(4)**    **Prohibits disclosure to the public and limits the production of personnel documents for use in this litigation only; and**

     **(5)**    **Prohibit disclosure to the public and limits the production of Walmart's asset protection policies and procedures for use in this litigation only.**

- 5 -

Filed concurrently with this Motion, Defendant has submitted a Memorandum of Points and Authorities and Declaration in support of its Motion to Shorten the Time for this Motion for Protective Order pursuant to Local Rules 6-1 and 6-3. Defendant has requested the hearing date of November 30, 2010 because this Motion is closely related to issues which will be before the Court in Plaintiff's Motion to Compel and Plaintiff's Motion for Contempt of Court currently scheduled for November 30, 2010, per the Court's Orders. (Docket #'s 111 & 113).

If the Court is not inclined to grant Defendant's Motion to Shorten Time for this Motion for a Protective Order, Defendant requests that the Court reset Plaintiff's Motion to Compel and Plaintiff's Motion for Contempt to December 21, 2010 at 10:00am so Defendant's Motion for a Protective Order may be heard at the same time and noticed pursuant to Civil Local Rule 7-2.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration in support of Motion for Protective Order, the pleadings and record on file in this action, and such oral argument as may be presented at the hearing on this Motion.

## II.    INTRODUCTION

A protective order will serve the interests of both parties in facilitating discovery while protecting the privacy and confidentiality concerns of the parties, witnesses, and non-parties involved. Firstly, Defendant requests a blanket Protective Order to protect against the future disclosure of confidential information. Secondly, Defendant requests a protective order to protect and limit against the disclosure of social security numbers, irrelevant confidential personnel documents, and proprietary business practices.

Even though Defendant agreed to produce relevant personnel documents and business practices in response to Plaintiff's discovery requests, Plaintiff refuses to execute the standard Protective Order endorsed by this Court. Despite Defendant's diligent meet and confer efforts to ascertain Plaintiff's basis for not executing a Protective Order signed by both parties, Plaintiff has yet

- 6 –

to articulate any justification for her refusal to sign it.  On October 22, 2010, Plaintiff documented that she was "considering" executing a protective order.  Upon receipt of Plaintiff's November 3, 2010 correspondence which stated "Plaintiff is not agreeable to executing a protective Order," Defendant advised Plaintiff of its intent to file this Motion for a Protective Order with Sanctions.  Before Plaintiff's discovery responses were due, Defendant proposed an in camera review of the documents, however Plaintiff was not agreeable.

Good cause exists to grant Defendant's Motion for Protective Order as it is imperative to protect against the unnecessary disclosure of sensitive and confidential personnel documents and policies.  In furtherance of assisting the Court in its evaluation of the outstanding discovery issues, Defendant will make all personnel documents and policies available for the Court's in camera review.

**III. PROCEDURAL POSTURE**

Although Plaintiff filed this lawsuit two years ago, it is important to point out that the claims Plaintiff will be permitted to proceed with, if any, remain unknown.  Additionally, because Plaintiff has failed to adequately plead the basis of the Court's jurisdiction, Defendant is completely in the dark as to whether this Court has jurisdiction of this matter.[1]  As a result of the current uncertainties presented by the recent filing of Plaintiff's Second Amended Complaint, Defendant has been forced to continue litigating this matter at extreme costs, pending the Court's rulings on the Motion to Dismiss and Motion for Summary Judgment which Defendant intends to file thereafter, if any claims remain.

**IV. STATEMENT OF FACTS**

This is a case about an unsupervised twelve year old minor who opened a sealed box of legos in the toy department at the Milpitas Walmart on November 24, 2007.  After concealing the legos in his pocket, the minor traveled to the restroom where he flushed the legos down the toilet.  Two

---

[1] Defendant's Motion to Dismiss is set for November 30, 2010.

1   Walmart asset protection associates, who observed the minor acting suspiciously, stopped the minor

2   and escorted him to the security room without the use of <u>any</u> force.  Minutes later, Plaintiff Van was

3   contacted over the store's intercom system and she too reported to the security room located in the

4   front of the store.

5

6           The entire duration of the detention was captured by the store's surveillance system.  Thanks to

7   Walmart personnel, the surveillance was retained and preserved.  Contrary to Plaintiff's allegations

8   that the asset protection associates acted unreasonably and maliciously throughout the detainment, the

9   surveillance demonstrates that only Plaintiff Van acted aggressively and violently.  Furthermore, the

10  deposition testimony of Plaintiff and the minor confirm that neither the minor nor Plaintiff Van was

11  ever touched by any employee of Walmart at any time.

12  **V.  STATEMENT OF DISPUTED DISCOVERY ISSUES/POSITIONS**

13

14          As gathered from the meet and confer communications between the parties, Defendant

15  presents this summary of outstanding discovery issues for the Court's convenience in ruling on the

16  instant Motion.

17          i.  Social Security Numbers:

18          a.  Plaintiff's Position:

19          Plaintiff initially requested that Defendant produce the social security numbers of Michael

20  Salanoa and Noe Leon.  In recent meet and confer communications, Plaintiff demanded Defendant to

21

22  produce social security numbers of Salanoa and Leon to an unidentified "private investigator".

23  Plaintiff claims she cannot locate either Salanoa or Leon without social security numbers.

24          b.  Defendant's Position:

25          Although Plaintiff claims she is unable to locate either associate without a social security

26  number, Defendant has learned that Noe Leon currently resides at an address provided to plaintiff

27

28                                                      - 8 -

months ago.  Plaintiff has not set forth any evidence that she has attempted to locate either former employee at the addresses provided by Defendant.  By Plaintiff's own admission, Plaintiff's former attorney  attempted to locate these witnesses over one year ago, using old addresses which Defendant has since updated.  In light of the potential for subjecting itself to liability for the disclosure of social security numbers without the consent of Salanoa or Leon, Defendant has advised Plaintiff that it is unauthorized to produce social security numbers unless the Court orders the production.

ii.  Michael Salanoa's Personnel File:

a.  Plaintiff's Position:

Plaintiff's Request for Production No. 5 seeks the production of Salanoa's complete personnel file without redaction.  Throughout September and October, Plaintiff maintained that she was entitled to "all personnel documents".  After months of meeting and conferring at the request of Defendant, Plaintiff has recently conceded that she is not entitled to tax, 401K, and wage information.  Other than pre and post incident disciplinary/performance records and "ending employment" documents, Plaintiff has yet to describe with reasonable particularity any additional categories of personnel documents requested, despite Defendant's repeated requests.

b.  Defendant's Position:

Michael Salanoa has not been employed by Walmart since February 1, 2008.  He left the employ of Walmart three months after the subject incident.  As set forth in Defendant's response to Plaintiff's Special Interrogatory No. 2, the end of Salanoa's employment relationship with Wal-Mart had nothing to do with Plaintiff's incident.  Although Salanoa is a named Defendant, Plaintiff has failed to serve him with the Complaint.   Moreover, Plaintiff has not demonstrated that she has provided Salanoa with any notice that she is requesting his personnel file and social security number.

In response to Plaintiff's broad requests for personnel and incident related documents,

-9-

Defendant identified and previously produced a handwritten statement by Salanoa; surveillance of the incident; Loss Prevention Apprehension Report; and a Notification of Restriction from Property executed by Plaintiff.  Defendant also produced updated contact information and agreed to produce all pre and post incident performance and disciplinary records pertaining to the apprehension and detention of perceived shoplifters subject to an agreement that Plaintiff would not disclose the documents to third parties or use the documents for purposes outside of this litigation.

Plaintiff has yet to articulate any basis for not agreeing to the disclosure limitations proposed by Defendant.  Also, Plaintiff has yet to articulate any reason justifying the production of irrelevant post-incident documents evidencing the end of the employment relationship between Wal-Mart and Salanoa.  Lastly, Plaintiff has declined Defendant's request for a stipulated in camera review of the at-issue personnel documents.

### iii.  Noe Leon's Personnel File:

#### a.  Plaintiff's Position:

Plaintiff's Request for Production No. 6 seeks the production of Leon's complete personnel file without redaction.  Throughout September and October, Plaintiff maintained that she was entitled to "all personnel documents".  After months of meeting and conferring at the request of Defendant, Plaintiff has recently conceded that she is not entitled to tax, 401K, and wage information.  Other than pre and post incident disciplinary/performance records and "ending employment" documents, Plaintiff has yet to describe with reasonable particularity any additional categories of personnel documents requested, despite Defendant's repeated requests.

#### b.  Defendant's Position:

Noe Leon has not been employed by Walmart since October 14, 2008.  Leon's employment relationship ended with Walmart almost one year after the subject incident.  As set forth in

- 10 –

Defendant's Response to Plaintiff's Special Interrogatory, No. 2, the end of Leon's employment relationship with Walmart had nothing to do with Plaintiff's incident.   Defendant is informed and believes that Plaintiff has not served Leon with a copy of the Complaint nor has she provided him with any notice she is requesting his personnel file and social security number.

In response to Plaintiff's broad requests for personnel and incident related documents, Defendant identified and previously produced a handwritten statement by Noe Leon; surveillance of the incident; Loss Prevention Apprehension Report; and a Notification of Restriction from Property executed by Plaintiff.  Defendant also produced updated contact information and agreed to produce all pre and post incident performance and disciplinary records pertaining to the apprehension and detention of perceived shoplifters subject to an agreement that Plaintiff would not disclose the documents to third parties or use the documents for purposes outside of this litigation.

Plaintiff has yet to articulate any basis for not agreeing to the disclosure limitations proposed by Defendant.  Also, Plaintiff has yet to articulate any reason justifying the production of irrelevant post-incident documents evidencing the end of the employment relationship between Walmart and Leon.  Lastly, Plaintiff has declined Defendant's request for a stipulated in camera review of the at-issue personnel documents.

iv.  Walmart's Policies and Procedures:

a.  Plaintiff's Position:

Plaintiff has requested that Defendant produce its written materials pertaining to asset protection without an agreement to limit the disclosure and use of the information for the purposes of this litigation only.

b.  Defendant's Position:

Defendant has in its possession written asset protection policies and procedures.  Said policies

- 11 –

1   and procedures are not posted in the store or otherwise made available to the public.  The voluminous

2   policies requested by Plaintiff include sensitive information relating to Walmart's techniques and

3   strategies for the surveillance, investigation, and detention of perceived shoplifters.

4       In response to Plaintiff's Request for Production No. 11, Defendant agreed to produce all of its

5   written materials pertaining to the apprehension and detention of perceived shoplifters subject to a

6   protective order.  Defendant is concerned that Plaintiff will disclose its proprietary business practices

7   to third parties for purposes unrelated to this litigation.  Also, Defendant wishes to protect against

8   Plaintiff unnecessarily filing Defendant's polices, making them available to be viewed by anyone.

9

10  **VI.    MEET AND CONFER**

11      Prior to the due date for Defendant's discovery response, Defendant sent correspondence to

12  Plaintiff advising of privacy and confidentially concerns.  Before Defendant's discovery responses

13  were due, Defendant requested that Plaintiff stipulate to the Protective Order provided on the Court's

14  website.  Defendant was agreeable to signing the Protective Order as well.

15

16      Because the parties were unable to resolve the outstanding confidentiality and privacy

17  concerns prior to the production date, Defendant's discovery responses asserted the applicable privacy

18  and relevancy objections.   Defendant's responses also identified documents which would be produced

19  subject to a mutually agreeable protective order.  After Defendant produced its discovery responses,

20  Defendant continued to meet and confer with Plaintiff regarding the need for a protective order.

21  Additionally, Defendant requested a Local Rule 37-1(b) Intervention with Judge Trumbull on

22  September 28, 2010.  The specifics of the additional meet and confer efforts made by Defendant are

23  set forth in the Declaration of Candice Mullings filed currently with this Motion.

24

25  **VII.    LEGAL ARGUMENT**

26      **A.    A Protective order may be issued upon a showing of good cause and a showing of
          a particular and specific need for the Order.**

27

28                                        - 12 –

A party or any person from whom discovery is sought may move for a protective order . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . ." Fed. R. Civ. P. 26(c)(1). "To obtain a protective order, the party resisting discovery or seeking limitations thereon, must show 'good cause' for its issuance." (citing Fed. R. Civ. P. 26(c)(1); *Jepson, Inc. v. Makita Elec. Works, Ltd,* 30 F.3d 854, 858 (7th Cir. 1994)). "The moving party must make a clear showing of a particular and specific need for the order." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975)).

>    1.    **Good cause exists to issue a blanket protective order because future discovery is likely to include the production of proprietary business practices régarding the protection of Walmart's property, personnel information, Plaintiff's mental health records, and private contact information of third party witnesses.**

Blanket protective orders governing the handling of confidential information exchanged in discovery are routinely approved by courts in civil cases. See, e.g., *Gillard v. Boulder Valley School Dist.,* 196 F.R.D. 382, 386 (D.Colo. 2000); *Quality Inv. Props. Santa Clara, LLC v. Serrano Elec., Inc.,* 2010 U.S. Dist. LEXIS 81796 (N.D. Cal. July 21, 2010)  Courts are required to construe and administer the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FED.R.CIV.PRO 1.  Blanket protective orders serve the interests of a "just, speedy, and inexpensive" determination of cases by alleviating the undue cost and delay that would ensue if courts had to make good cause determinations on a document-by-document basis for *all* documents exchanged in discovery that a party wished to protect.  As the Ninth Circuit has implicitly acknowledged, the use of blanket protective orders conserves resources by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential.  *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1131 (9th Cir. 2003)

1    While blanket protective orders are usually based on a joint request of the parties, the

2    agreement of all parties is not required so long as certain conditions are met. *See, e.g., Parkway*

3    *Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.*, 121 F.R.D. 264, 268 (M.D.N.C.

4    1988). Those conditions include the following:

5

6    "First, a party must make some threshold showing of good cause to believe that discovery will

7    involve confidential or protected information. This may be done on a generalized as opposed to a

8    document-by-document basis. Moreover, even though a blanket protective order permits all

9    documents to be designated as confidential, a party must agree to only invoke the designation in good

10   faith. After receiving documents, the opposing party has the right to contest those documents which it

11   believes not to be confidential. At this stage, the party seeking the protection shoulders the burden of

12   proof in justifying retaining the confidentiality designation." *Ibid.*

13

14   The blanket protective order proposed by Defendant to Plaintiff before its discovery responses

15   were due tracks the language of Federal Rule 26(c). In fact, the protective order proposed by

16   Defendant is identical to the protective order endorsed by this Court and provided on the Court's

17   website. It ensures that the parties are not improperly given "carte blanche" to designate information

18   which is not entitled to protection under Federal Rule 26(c). Specifically, Section 5.1 of Defendant's

19   proposed protective order ("Exercise of Restraint and Care in Designating Material for Protection")

20   requires that:

21

22       "Each Party or non-party that designates information or items for protection under this
         Order must take care to limit any such designation to specific material that qualifies
23       under the appropriate standards. A Designating Party must take care to designate for
         protection only those parts of material, documents, items, or oral or written
24       communications that qualify — so that other portions of the material, documents,
         items, or communications for which protection is not warranted are not swept
25       unjustifiably within the ambit of this Order.

26       "Mass, indiscriminate, or routinized designations are prohibited. Designations that are
27       shown to be clearly unjustified, or that have been made for an improper purpose (e.g.,

28                                                    - 14 –

to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

"If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation."

Good cause exists to issue a blanket protective order because future discovery is likely to include the production of proprietary business practices regarding the protection of Walmart's property, personnel information, Plaintiff's mental health records, and private contact information of third party witnesses.  Additionally, as the Court is well aware, Defendant has had significant difficulties with resolving disputes informally with Plaintiff.  It is believed that a blanket protective order would be the most efficient means of protecting against the disclosure of confidential information without the need for unnecessarily burdening the Court with  Motions filed on a document-by-document basis.  Defendant contends that Plaintiff's status as a pro per litigant warrants a preemptive and anticipatory approach to protect against the unnecessary disclosure of confidential information.

As set forth below, at the very least, good causes exists to issue a protective order regarding the production of social security numbers, personnel documents, and business practices.

2.    **Good cause exists to prohibit Plaintiff's request for the production of social security numbers because Plaintiff has not attempted to use the lesser intrusive method of locating the former employees through the updated contact information provided by Defendant, Plaintiff's failure to locate the former employees is due to her failure to propound any discovery until August 2010, and it is foreseeable that the social security numbers will be used for illegitimate purposes.**

Plaintiff maintains she cannot locate Michael Salanoa or Noe Leon without social security numbers.  However, by Plaintiff's own admission, her former attorney was the last individual who

- 15 --

attempted to locate the witnesses with addresses Defendant has since updated. Defendant has recently

confirmed that Noe Leon resides at the address provided by Defendant, and therefore, it is misleading

for Plaintiff to assert that she cannot locate Leon without a security number. Of note, neither party has

been successful in locating the current whereabouts of Michael Salanoa with or without a social

security number.

Federal courts generally recognize a right of privacy that can be raised in response to discovery

requests. *Johnson ex rel Johnson v. Thompson,* 971 F.2d 1487, 1497 (10th Cir. 1992). The party

whose privacy is affected may object or seek a protective order. *Laxalt v. McClatchy,* 258 U.S. App.

D.C. 44, 809 F.2d 885, 889 (D.C. Cir. 1987). Resolution of a privacy objection or request for

protective order requires a balancing of the need for the particular information against the privacy

right asserted. *Cook v. Yellow Freight System, Inc.,* 132 F.R.D. 548, 550-551 (E.D. Cal. 1990)

A discovery request for a social security number obviously implicates privacy rights.

Although social security numbers are routinely redacted by parties prior to production, Plaintiff

requests that Defendant produce these numbers to an unidentified individual. Good cause exists to

prohibit Plaintiff's request for the social security numbers here. Though named in the Complaint,

Salanoa and Leon are essentially non-parties since Plaintiff has failed to serve them with the

Complaint for two years and Defendant's Motion to Dismiss Salanoa and Leon is pending. While

Plaintiff maintains that the lack of a social security number is the sole reason she cannot serve Salanoa

and Leon, Plaintiff's delay in propounding any discovery until two years after the commencement of

litigation is the most likely reason for her inability to locate these witnesses. Defendant most certainly

should not be compelled to produce social security numbers as a remedy for Plaintiff's delayed

prosecution of this case.

With the rise in the crime of identity theft and other illegitimate uses of social security

1  numbers, it is incumbent upon Defendant to seek protection against the disclosure of social security

2  numbers in its possession.  When Michael Salanoa and Noe Leon provided their social security

3  numbers to Defendant, they did so with a reasonable expectation that Defendant would hold them in

4  confidence.   In fact, many of the personnel documents containing the social security numbers of Leon

5  and Salanoa are marked "Confidential".  Therefore, at the time that Leon and Salanoa provided their

6  social security numbers to Walmart or reviewed their personnel files thereafter, Walmart was

7

8  explicitly representing that the numbers would be kept confidential.  Permitting Plaintiff's request for

9  social security numbers would subject Walmart to liability for disclosing confidential information,

10  absent permission from either Leon or Salanoa to do so.   Ordering the production of social security

11  numbers would not only invade into the privacy rights of Salanoa and Leon but it would subject

12  Defendant to unwarranted annoyance and embarrassment with regard to future employees not having

13  trust that Defendant will keep their most private information confidential.

14

15       Also, Plaintiff's mental health records confirm complaints of "anger/violence".  It is clear from

16  the pleadings and records that Plaintiff has a significant amount of animosity towards the individuals

17  from whom she requests social security numbers.  In light of Plaintiff's documented mental health

18  issues, the risk of harm to Defendant, Salanoa and/or Leon is particularly foreseeable.  Due to the

19  possibility that the requested social security numbers may be used for illegitimate uses and/or to

20  acquire information not within the scope of permissible discovery, Defendant requests an Order

21  prohibiting Plaintiff's request for social security numbers.

22

23       **3.     Good cause exists to limit the scope of Plaintiff's request for "all personnel documents" to documents which are relevant to Plaintiff's claims because FRCP 26 (b) provides that a party is only entitled to relevant information, the requested post-incident end of employment records are clearly irrelevant, and the request for unspecified personnel documents violates third party privacy rights.**

24

25

26

27  Defendant has previously agreed to produce pre and post incident disciplinary and

28

- 17 -

1   performance records regarding asset protection detainments subject to a protective order, however

2   Plaintiff continues to maintain that she is entitled to "all documents" without further description or an

3   explanation as to how the requested documents are relevant to her claims.

4       Federal Rule of Civil Procedure 26(b) allows "[p]arties [to] obtain discovery regarding any

5   matter, not privileged, that is relevant to the claim or defense of any party . . . ." The term "relevant" is

6   further defined as information that is "reasonably calculated to lead to the discovery of admissible

7   evidence, and it "need not be admissible at trial." Fed. R. Civ. P. 26(b)(1).  A court should deny a

8   motion to compel if the information requested falls outside the scope of discovery. *See Nugget*

9   *Hydroelectric, L.P. v. Pacific Gas & Elec. Co.,* 981 F.2d 429, 438-39 (9th Cir. 1992), *cert. denied,*

10  508 U.S. 908, 113 S. Ct. 2336, 124 L. Ed. 2d 247 (1993).

11      In response to Plaintiff's request for "all" personnel documents, Defendant met and conferred

12  with Plaintiff regarding the overbroad scope of the request before and after serving its discovery

13  responses.  In furtherance of informally resolving the relevancy, confidentiality, and privacy

14  objections asserted by Defendant, Plaintiff was repeatedly requested to identify specific categories of

15  personnel documents relevant to Plaintiff's claims.  In response to Defendant's requests, Plaintiff

16  repeatedly contended that she was entitled to "all documents" without explanation.  Although

17  Defendant offered to produce a detailed log of the documents contained in the personnel files to

18  further illustrate that Plaintiff's request sought irrelevant documents, Plaintiff declined Defendant's

19  offer and instead instructed Defendant to "reply to Plaintiff's Motion [to Compel]".

20      It is clear that Plaintiff's request for "end of employment" documents falls beyond the scope of

21  permissible discovery under FRCP 26(b).  Because the end of the employment relationships between

22  Walmart and its former asset protection associates occurred for reasons having nothing to do with

23  Plaintiff's incident, the information requested by Plaintiff has no bearing on the claims at issue in this

- 18 -

case. In its discovery responses, Defendant set forth information in response to Plaintiff's inquiries regarding the end of the employment relationships. In lieu of disclosing private, irrelevant post-incident information, Defendant produced written discovery responses representing that neither Salanoa nor Leon left Walmart because of their conduct on the day in question. Additionally, through the lesser intrusive means of written discovery, Defendant identified the specific dates on which the employment relationships ended for Leon and Salanoa. Defendant's discovery responses leave no room for doubt that the post-incident circumstances surrounding the end of the employment relationships have nothing to do with Plaintiff's case. Yet, Plaintiff continues to seek this irrelevant information.

Plaintiff's request for the production of irrelevant end of employment documents unnecessarily infringes upon the privacy rights of Salanoa and Leon. The implicated privacy interests of Defendant, Salanoa and Leon, outweigh Plaintiff's interest in the information because Plaintiff has no legitimate need for irrelevant post-incident end of employment documents.

**4.      Good cause exists to limit the disclosure of personnel documents from third parties and for use in this litigation only because of privacy concerns and the presumptive rule that discovery is available to the public, absent a protective order.**

In light of the privacy concerns implicated by the personnel files and its contents, at the very least, Plaintiff must be ordered to refrain from disclosing the documents to those having nothing to do with the litigation. If Plaintiff were to file or otherwise disclose personnel documents, Defendant would be susceptible to liability for disclosing confidential and sensitive information to the public at large. Plaintiff's refusal to agree to use the requested personnel documents for the purposes of this litigation only belie any argument that she intends to use the documents for legitimate purposes related to this litigation.

- 19 -

5.   **Good causes exists to limit the disclosure of Walmart's asset protection policies and procedures from disclosure to third parties and for use in this litigation only because the procedures include Walmart's present business strategies, and unnecessary disclosure would subject Walmart to being harmed by third parties apprising themselves of the policies and potentially using them to steal Walmart's property.**

Documents exchanged in discovery are presumptively public. *See San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)  Therefore, in order to protect against the disclosure of its present business strategies, Defendant must move for a protective order. Since Plaintiff has represented in correspondence a mistaken belief that discovery must be filed with the Court, it is foreseeable and highly likely that Plaintiff will in fact file Defendant's policies with the Court, making them publically available to anyone.

Defendant's policies include a step-by-step analysis of how Walmart employees can effectively protect against theft.  If the public at large were to be apprised of Walmart's confidential business strategies which are not within the public domain, such information could be used to educate potential shoplifters so as to facilitate the shoplifting and destruction of Walmart's property. Furthermore, the unnecessary disclosure of Walmart's policies would potentially entail the burden and expense of redeveloping Walmart's business practices and procedures.

## VIII.  IN CAMERA REVIEW

Before its responses were due, Defendant requested that Plaintiff stipulate to an in camera review of the documents at issue in this motion.  Plaintiff never responded to Defendant's request. Defendant will make all personnel documents and policies/procedures available for the Court's in camera view to further facilitate the resolution of the issues presented.

## IX.  CONCLUSION

For the foregoing reasons, Defendant requests that the Court issue a protective order to (1) Protect against the future disclosure of confidential information (2) Forbid Plaintiff's request for the

- 20 -

1   production of social security numbers (3) Limit the scope of Plaintiff's request for "all" personnel

2   documents to relevant information (4) Prohibit the disclosure of personnel documents to the public

3   and limit the production for use in this litigation only, and (5) Prohibit the disclosure of Walmart's

4   asset protection policies and procedures to the public and limit the use for this litigation only.

5

6

7                                    Respectfully Submitted

8

9   Dated:  November 9, 2010              PHILLIPS, SPALLAS & ANGSTADT LLP

10

11                                BY:

12                                    Candice A. Mullings
                                      cmullings@psalaw.net
13                                    Attorneys for Defendant
                                      WAL-MART STORES INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    - 21 –

1

**PROOF OF SERVICE**
**Nathalie Thuy Van v. Wal-Mart Stores, Inc.**
**US. District Court - Northern District of California Case Number - C 08 05296**

2

3

I am a citizen of the United States and a resident of the County of San Francisco, State of

4

California. I am over the age of 18 years and not a party to the within action; my business address is

5

Three Embarcadero Center, Suite 550, San Francisco, California 94111.

6

7  ___X___

8

9

10  ___X___

11

12  _____

On the date indicated below, I served the document(s) designated below on all parties listed in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the outgoing mail box located in my office in accordance with ordinary business practices for deposit with the United States Postal Service in San Francisco, California. I am readily familiar with my office business practice for collection and processing of correspondence for mailing and the within correspondence will be deposited with the United States Postal Service this date in the ordinary course of business.

I caused the document to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, an electronic message or other indication that the transmission was unsuccessful.

On the date indicated below, I personally served the document(s) designated below by delivering a true copy thereof to the person(s) and at the address(es) listed below.

13  **DOCUMENT(S) SERVED:**

14

15  **DEFENDANT WAL-MART STORES, INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF REGARDING MOTION TO COMPEL AND MOTION FOR CONTEMPT OF COURT**

16

17  **DECLARATION OF CANDICE MULLINGS IN SUPPORT OF MOTION FOR SANCTIONS REGARDING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR CONTEMPT OF COURT**

18  **[PROPOSED] ORDER REGARDING MOTION FOR SANCTIONS AGAINST PLAINTIFF**

19

20  **DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR A BENCH TRIAL**

21

22  **DEFENDANT WAL-MART STORES, INC.'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SHORTEN TIME FOR PROTECTIVE ORDER**

23

24  **DECLARATION OF CANDICE MULLINGS IN SUPPORT OF ORDER SHORTENING TIME FOR DEFENDANT'S PROTECTIVE ORDER**

25

26  **[PROPOSED] ORDER REGARDING SHORTENING TIME FOR DEFENDANT'S PROTECTIVE ORDER**

27

28  **DEFENDANT WAL-MART STORES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN**

- 2 –

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR CONTEMPT OF COURT

DECLARATION OF CANDICE MULLINGS IN SUPPORT OF DEFENDANT WAL-MART STORES, INC.'S OPPOSITION TO MOTION TO COMPEL AND MOTION FOR CONTEMPT

DEFENDANT WAL-MART STORES, INC.'S NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PROTECTIVE ORDER

DECLARATION OF CANDICE MULLINGS IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

DEFENDANT WAL-MART STORES, INC.'S [PROPOSED] PROTECTIVE ORDER

Nathalie Thuy Van
1037 North Abbott Avenue
Milpitas, CA 95035
Email: *thuyngocvan@yahoo.com*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **November 9, 2010,** at San Francisco, California.

Kristina Ober