UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WAL-MART STORES, INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: C 08-5296 PSG <br><br> **ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION TO DISMISS** <br><br> (Re: Docket No. 101) |

On December 21, 2010 the parties appeared for hearing on Defendant's Motion to Dismiss Plaintiff Nathalie Thuy Van's (1) 42 U.S.C. § 1983; (2) 42 U.S.C. § 1988; (3) United States Constitution; (4) California Civil Code §§ 51.7 and 52.1; (5) False Imprisonment; and (6) Defamation Claims Alleged in the Second Amended Complaint. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendant's motion is GRANTED-IN-PART and DENIED-IN-PART.

Dismissal is warranted as to Plaintiff's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1988, the United States Constitution and California Civil Code § 52.1 because Plaintiff has not alleged action under color of state law under any cognizable legal theory.

Dismissal is not warranted as to Plaintiff's claims of false imprisonment and defamation because in challenging the timeliness of Plaintiff's claims, Defendant fails to demonstrate sufficient prejudice.

**I.    PROCEDURAL BACKGROUND**

Plaintiff filed this action on November 21, 2008, alleging various civil rights and tort causes of action on behalf of herself and her minor son, RVN. (Docket # 1.) Plaintiff's claims stem from the detention of RVN by Defendant's security guards after RVN allegedly opened a box of Defendant's Legos® and flushed some of them down the toilet. (*Id.* ¶¶ 10-13.) Defendant answered that complaint. (Docket # 5.)

On July 13, 2009, the parties filed a stipulation and proposed order granting Plaintiff leave to file an amended complaint. (Docket # 15.) The court issued the stipulation and order, after which Plaintiff filed her First Amended Complaint. (Docket #s 19 & 21.)

On July 16, 2009, the court issued a Case Management Conference Order, which, among other things, set a deadline of 60 days after entry of the order for any amendments to the complaint and set a discovery cutoff of February 5, 2010. (Docket # 20.)

On December 29, 2009, counsel for Plaintiff moved to withdraw, representing that there was an irreconcilable conflict of interest that made it impossible for him to continue to represent Plaintiff in this matter. (Docket #s 27 & 28.)

On February 11, 2010, the court issued an order granting Plaintiff's counsel's motion to withdraw, staying the case for 90 days to allow Plaintiff time to seek new counsel, vacating all pretrial and trial dates, and setting a further case management conference for May 25, 2010. (Docket # 41.)

On May 18, 2010, Defendant filed a Further Joint Case Management Conference Statement that indicated Plaintiff was appearing "*in pro per*" for herself and as *guardian ad litem* for RVN. (Docket # 43.)

On May 20, 2010, the court issued an order extending the stay to July 20, 2010, and advising Plaintiff that she could not represent her son.[1] (Docket # 44.) The court cautioned Plaintiff that if no attorney made an appearance for RVN on or before July 20, 2010, the court would be constrained to dismiss RVN's claims without prejudice. The court continued the case management conference to

---

[1]    *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir.1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer").

July 27, 2010.

On May 28, 2010, Plaintiff filed a motion to represent herself *pro se* and to file a further amended complaint, noting that she was not able to find new counsel due to a lien filed by her former attorney, and that she would abide by the court's order regarding RVN's claims. (Docket # 51.) The motion was heard on July 20, 2010. On July 21, 2010, the court took the motion to amend under submission pending submission by Plaintiff of her proposed Second Amended Complaint ("SAC"). (Docket # 87.)

On August 2, 2010, Plaintiff filed her proposed SAC. (Docket # 91).

On August 24, 2010, the court issued an order granting Plaintiff's motion to amend her complaint, without prejudice to Defendant raising in a motion to dismiss issues regarding the timeliness of adding certain claims. (Docket # 94.)

Defendant filed the present motion to dismiss on September 21, 2010. (Docket # 101.)

At a further case management conference held on September 28, 2010, the court took the motion to dismiss off calendar and scheduled a settlement conference with the parties. (Docket #s 106 & 111.) The court later rescheduled the motion to be heard on November 30, 2010. (Docket # 111.) The hearing was further continued to December 21, 2010 due to the retirement of Magistrate Judge Trumbull and reassignment of the case to the undersigned.

## II.   LEGAL STANDARDS

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Dismissal is warranted where the complaint lacks a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). A complaint also may be dismissed where it presents a cognizable legal theory, but fails to plead facts essential to the statement of a claim under that theory. *See Robertson*, 749 F.2d at 534. While a complaint does not need detailed factual allegations,

> "[a] plaintiff's obligation to provide 'grounds' of his 'entitle(ment) to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ."

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41,

47 (1957)).

On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir.2008) (citation omitted). Conclusory allegations of law and unwarranted inferences, however, will not defeat a motion to dismiss. *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *see also* FED.R.CIV.P. 8(e) ("Pleadings must be construed so as to do justice."). At the same time, "a pro se litigant is not excused from knowing the most basic pleading requirements." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F. 3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).

### III.  DISCUSSION

#### A.  DISMISSAL IS WARRANTED AS TO PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983, 42 U.S.C. § 1988, AND THE UNITED STATES CONSTITUTION

In order to state a claim under 42 U.S.C. § 1983 (and related claims under 42 U.S.C. § 1988 and the United States Constitution)[2] a plaintiff must allege, among other things, that the defendant was acting under "color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not generally applicable to private parties, although a private party may be liable under Section 1983 if "he is a willing participant in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). When presented with a motion to dismiss, the court must assess whether "the alleged infringement of federal rights [is] fairly attributable to the [government]." *Id.* (citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192

---

[2] Although Plaintiff does not expressly reference 42 U.S.C. § 1988 in her SAC, she does seek an award of fees as provided under that statute. Any such attempt to seek fees under Section 1988, however, is dependant on her Section 1983 claims. *See, e.g., National City of Indiana v. Boutris*, No. Civ. S-03-0655 GEB J., 2003 WL 21536818, *6 (E.D.Cal. 2003) ("Plaintiffs' attorney's fees claim under 42 U.S.C. § 1988 is dependent on the § 1983 claims"). To the extent Plaintiff asserts violations of the United States Constitution, her claims are properly considered as Section 1983 claims. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983").

F.3d 826, 835 (9th Cir. 1999)).  Allegations of wrongdoing by store security guards who detain a customer cannot survive a motion to dismiss unless the alleged facts show that either: (1) the security guards (or the employing store) were performing a public function; (2) there was joint action between the security guards (or the employing store) and the state; (3) the complained of acts were the result of "coercive influence or significant encouragement" of the state; or (4) there was such a close nexus between the state and the challenged acts that guards' behavior may be fairly treated as that of the state.  *See Stanley v. Goodwin*, 475 F.Supp.2d 1026, 1038-40 (D.Hawai'i 2006) (citing *Kirtley*, 326 F.3d at 1092)).

While Plaintiff generally alleges that Defendant's security guards "acted under the color of law" (*see* SAC at 2:18), such conclusory allegations are insufficient as a matter of law.  Plaintiff does not allege that Defendant or the security guards were performing any public function, that there was any joint action between Defendant or its security guards and the state, that the security guards' actions were the result of "coercive influence or significant encouragement" of the state, or that there was any nexus between the state and the security guards' behavior.  Plaintiff alleges only that the security guards told RVN that they were police officers, and that they required Plaintiff to sign a form prepared pursuant to California Penal Code section 490.5 or they would call the police and RVN would be arrested. (Docket # 91, ¶¶ 15 & 29.)  But allegations regarding a *claim* to color of state law are insufficient to allege *action* under color of state law.  *See, e.g., Vanderlinde v. Brochman*, 792 F.Supp. 52, 55 (N.D.Ill.1992) (finding that firemen who impersonated police officers to apprehend and beat the plaintiff had not acted under color of the law because their position as firemen did not grant them any authority to arrest citizens).

Because Plaintiff has not alleged any acts that can fairly be construed as having been done under color of state law, dismissal is warranted as to these claims.

**B.  DISMISSAL IS WARRANTED AS TO PLAINTIFF'S CLAIMS UNDER CALIFORNIA CIVIL CODE SECTIONS 52.1**

California Civil Code § 52.1[3] provides a private right of action to individuals whose rights

---

[3] Defendant also moved to dismiss Plaintiff's purported claim under California Civil Code section 51.7, however that section is not mentioned in the SAC.

under the California or United States Constitutions or laws have been interfered with by another, whether or not that other person acted under color of state law. However, the California Supreme Court has interpreted Section 52.1 as precluding actions based on purely private acts where the underlying constitutional right is a right to be free from government, rather than private, action. *See Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998) ("When they assert that defendants interfered with those [constitutional] rights by directly violating them, they are mistaken: Only the government or its agents can do so."). Because, as discussed above, Plaintiff has not alleged any acts that can fairly be construed as having been taken under color of state law, dismissal is warranted as to this claim.

### C. DISMISSAL IS NOT WARRANTED AS TO PLAINTIFF'S FALSE IMPRISONMENT AND DEFAMATION CLAIMS

Defendant argues that Plaintiff's causes of action alleging false imprisonment and defamation of Plaintiff –in contrast to separate false imprisonment and defamation claims asserted by RVN– should be dismissed because they were first asserted in the SAC and over a year after the court-ordered deadline for amending the complaint. Defendant contends that permitting Plaintiff to amend her claims now would force Defendant "to re-litigate Plaintiff's new claims which would include, at a minimum, propounding additional written discovery and reopening depositions which were completed in November 2009." (Docket #101 at 19.).

Even if Plaintiff did not specifically allege her own false imprisonment and defamation claims until the SAC,[4] the court is not persuaded. In particular, the court notes the unusual circumstances surrounding the break down of the Plaintiff's relationship with her attorney, her attorney's withdrawal, and Plaintiff's *pro se* status. While depositions were taken in November 2009, fact discovery remains open. Under these circumstances, the only burden on Defendant

---

[4] With respect to at least the false imprisonment claim, Plaintiff's original and first amended complaint (collectively the Prior Complaints) included allegations that not only was RVN falsely imprisoned by Defendant's security guards, but that Plaintiff was paged over a loud speaker and summoned to the security office where the security guards were detaining her son. (Docket #s __ at __.) Under California law, the restraint element of a cause of action for false imprisonment "may be effectuated by means of physical force, threat of force or of arrest, confinement by physical barriers, or by means of any other form of unreasonable duress." *See Fermino v. Fedco, Inc.*, 7 Cal.4th 701, 715 (1994) (citations omitted). Plaintiff's Prior Complaints may therefore be reasonably understood as alleging both a threat of the arrest of her son and the detention of her son as a means by which she was unlawfully restrained.

caused by this amendment would be the possible need to take a small amount of additional discovery regarding Plainitff's own false imprisonment and defamation claims. To the extent Defendant needs leave under Federal Rules of Civil Procedure 30(a)(2) to re-depose Plaintiff or serve additional written discovery, such leave is hereby GRANTED.

### IV. CONCLUSION

Plaintiff's civil rights cause of action fail because she has not adequately alleged the complained of acts were done under color of state law. Dismissal of these causes of action is thus warranted. Because Defendant may remedy any prejudice by taking appropriate further discovery, dismissal of Plaintiff's personal false imprisonment and defamation claim is not warranted.

Dated: *January 5, 2011*

PAUL S. GREWAL
United States Magistrate Judge

*Counsel automatically notified of this filing via the court's Electronic Case Filing system.*

copies mailed on   *1/6/11*   to:

Nathalie Thuy Van
1037 N. Abbott Avenue
Milpitas, CA 95035

                                               */s/   Donna Kirchner     for*
                                               OSCAR RIVERA
                                               Courtroom Deputy