1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10                                   SAN JOSE DIVISION

11

12   NATHALIE THUY VAN, et al.,          )        Case No.: C 08-5296 PSG
                                         )
13                   Plaintiffs,         )        **ORDER RE PLAINTIFF'S MOTON TO
                                         )        COMPEL; PLAINTIFF'S MOTION FOR
14        v.                             )        CONTEMPT; AND DEFENDANT'S MOTION
                                         )        FOR PROTECTIVE ORDER**
15   WAL-MART STORES, INC., et al.,      )
                                         )        (Docket Nos. 96, 98 & 125)
16                   Defendants.         )
     _____)
17

18

19        On September 8, 2010, Plaintiff filed a Motion for an Order Compelling Defendant's

20   Production of Documents and Discovery Responses, along with a Motion For An Order Holding

21   Defendant in Contempt Of Court.  On November 9, 2010, Defendant filed a Motion for Protective

22   Order.  The court eventually took both motions under submission without oral argument.  Based on

23   the briefs submitted, and for the reasons discussed herein,

24        IT IS HEREBY ORDERED that Plaintiff's motion to compel is DENIED without prejudice

25   to Plaintiff filing a motion to compel that complies with Civil Local Rule 37-2.

26        IT IS FURTHER ORDERED that Plaintiff's motion for contempt is DENIED.

27        IT IS FURTHER ORDERED that Defendant's motion for a protective order is GRANTED.

28

1

## I.    PLAINTIFF'S MOTION TO COMPEL

2      Pursuant to Civil Local Rule 37-2 Plaintiff was required to discuss each specific discovery

3  request in dispute and explain why she contends she is entitled to the requested discovery.  Plaintiff

4  failed to do so in her briefs.[1]  Although courts construe the pleadings of *pro se* litigants liberally, *pro*

5  *se* litigants "must follow the same rules of procedure that govern other litigants."  *See King v. Atiyeh*,

6  814 F.2d 565, 567 (9th Cir. 1987).  Thus, if Plaintiff wishes to move for an order compelling

7  Defendant to supplement its responses to interrogatories and/or produce further documents

8  responsive to her requests, she must file a motion that complies with the mandates of Civ. L.R. 37-2.

9

10

## II.    PLAINTIFF'S MOTION FOR CONTEMPT

11      Plaintiff argues that an order holding Defendant in contempt is warranted because Defendant

12  purportedly served its discovery responses late and because Defendant purportedly violates a court

13  order by failing to respond adequately to Plaintiff's discovery requests.

14      Plaintiff's first argument fails because Defendant's discovery responses were timely.

15  Pursuant to Federal Rules of Civil Procedure 6(d), a party responding to discovery that is served on it

16  by mail is allotted an additional 3 days to serve responses.  Plaintiff represents that she served the

17  discovery on August 2, 2010 and that Defendant served its responses on September 3, 2010.  The

18  proofs of service attached to her discovery requests show that they were served by mail.  Thus,

19

20      [1]      The only document request Plaintiff specifically discusses is her request for a diagram
21  of the Milpitas Walmart (Request for Production No. 10).  Plaintiff complains that the floor plan
    Defendant produced was not labeled as she had requested, but does not explain why she would be
22  entitled to an order requiring Defendant to label the floor plan.  Rule 34 only requires a party to produce
    documents that already exist.  *See Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C.2000).  A party
23  responding to a Rule 34 document request cannot be compelled to prepare or create new documents.
    *Ibid.; see also Paramount Pictures Corp. v. Replay TV*, No. CV 01-9358 FMC (Ex), 2002 WL
24  32151632, at *2 (C.D.Cal.2002) (citing *Alexander*, 194 F.R.D. at 310).  Defendant has supplemented
    its responses to state that it has no diagram labeled with the departments as they existed in 2007.
25  Because the court has no authority to require Defendant to create a document that it does not have in its
    possession, custody or control, the court denies Plaintiff's motion on the merits as to Request for
26  Production No. 10.

27      With regard to the interrogatories, Plaintiff states that "Defendant did not identify each individual
    witness/security guard of the two security guards in the suveillance tape."  Defendant represents in its
28  opposition that after receiving Plaintiff's motion it supplemented its responses to identify previously
    disclosed security guards as well as their precise location on the surveillance video.  Thus, aside from
    the non-compliance with Civ. L.R. 37-2, Plaintiff's motion appears to be moot as to this issue.

1   Defendant had 33 days to respond to Plaintiff's discovery requests. Because the 33rd day fell on a

2   Saturday (September 4, 2010) the time for Defendant to serve its responses ran until Monday,

3   September 6, 2010. *See* FED.R.CIV.PRO. 6(a)(1)(C).

4       With regard to Plaintiff's argument that Defendant responses and production were

5   incomplete and in violation of an order of this court, this motion is premature because there has not

6   yet been any finding by the court that Defendant's responses were deficient.

7

8   **III.    DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

9       **A.    DEFENDANT'S REQUEST FOR ENTRY OF A "BLANKET" PROTECTIVE ORDER**

10      Defendant's motion for entry of a "blanket" protective order that tracks the wording of this

11  court's Stipulated Protective Order for Standard Litigation is GRANTED. No later than January 14,

12  2010 Defendant shall submit such a protective order to the court for signature, revised to reflect the

13  fact that it the result of a motion rather than a stipulation by the parties.

14      Although documents exchanged in discovery are presumptively public in the absence of a

15  court order to the contrary,[2] blanket protective orders routinely are approved by courts in civil cases.

16  *See, e.g., Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 386 (D.Colo. 2000). The very first

17  rule set out in the Federal Rules of Civil Procedure mandates that courts construe and administer the

18  rules of civil procedure "to secure the just, speedy, and inexpensive determination of every action

19  and proceeding." *See* FED.R.CIV.PRO 1. Blanket protective orders serve the interests of a "just,

20  speedy, and inexpensive" determination of cases by avoiding the undue cost and delay that would

21  ensue if courts had to make a good cause determination on a document-by-document basis for all

22  documents exchanged in discovery that a party wished to protect. As the Ninth Circuit has implicitly

23  acknowledged, the use of blanket protective orders conserves judicial resources–and taxpayer

24  money–by eliminating the requirement that a party move for a protective order every time that party

25  produces documents they contend are confidential. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

26  F.3d 1122, 1131 (9th Cir. 2003) (noting that use of a blanket protective order was "understandable for

27

28      ───────────────

    [2]    *See San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).

1    the unfiled documents given the onerous burden document review entails.").

2        While blanket protective orders are usually based on a joint request of the parties–and courts

3    generally expect such cooperation among litigants–the agreement of all parties is not required so

4    long as certain conditions are met.  *See, e.g., Parkway Gallery Furniture, Inc. v. Kittinger/*

5    *Pennsylvania House Group, Inc.*, 121 F.R.D. 264, 268 (M.D.N.C. 1988).  Those conditions include

6    the following:

7        "First, a party must make some threshold showing of good cause to believe that
         discovery will involve confidential or protected information. This may be done on a
8        generalized as opposed to a document-by-document basis. Moreover, even though a
         blanket protective order permits all documents to be designated as confidential, a
9        party must agree to only invoke the designation in good faith. After receiving
         documents, the opposing party has the right to contest those documents which it
10       believes not to be confidential. At this stage, the party seeking the protection
         shoulders the burden of proof in justifying retaining the confidentiality designation.
11       Thus, the burden of proving confidentiality never shifts from the party asserting that
         claim-only the burden of raising that issue." *Ibid*.

12

13       By requiring that a party seeking a protective order meet such conditions, courts avoid

14   situations like that which was rebuked in *Citizens First National Bank of Princeton v. Cincinnati Ins.*

15   *Co.*, 178 F.3d 943 (7th Cir. 1999).  The blanket protective order at issue in *Citizens First National*

16   *Bank* was worded so broadly that is gave each party "carte blanche to decide what portions of the

17   record shall be kept secret."  *See Citizens First National Bank*, 178 F.3d at 946.  By contrast, the

18   form of order proposed by Defendant, which is based on this court's model form of protective order,

19   only allows confidentiality designations for information or tangible things that "qualify for protection

20   under the standards developed under F.R.Civ.P. 26(c)."  Moreover, Section 5.1 of the proposed form

21   of protective order ("Exercise of Restraint and Care in Designating Material for Protection) requires

22   that:

23       "Each Party or Non-Party that designates information or items for protection
24       under this Order must take care to limit any such designation to specific material that
         qualifies under the appropriate standards. The Designating Party must designate for
25       protection only those parts of material, documents, items, or oral or written
         communications that qualify – so that other portions of the material, documents,
26       items, or communications for which protection is not warranted are not swept
         unjustifiably within the ambit of this Order.

27
         "Mass, indiscriminate, or routinized designations are prohibited. Designations
28       that are shown to be clearly unjustified or that have been made for an improper
         purpose (e.g., to unnecessarily encumber or retard the case development process or to

1  impose unnecessary expenses and burdens on other parties) expose the Designating

2  Party to sanctions.

3  "If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.."

4

5  Thus, the form of protective order proposed by Defendants ensures that the parties are not

6  given "carte blanche" to designate as "Confidential" information that is not entitled to protection

7  under Rule 26(c).

8  Defendant has shown that entry of the proposed blanket protective order is warranted in the

9  present case.  Plaintiff is seeking discovery of personnel records, as well as Defendant's policies and

10  procedures.  Many if not all of these documents may well warrant protection under a blanket

11  protective order.  This is a sufficient showing to warrant entry of the proposed blanket protective

12  order.  Whether specific documents may be designated "Confidential" under the provision of the

13  protective order is left initially to a good faith determination by the responding party.  If any such

14  documents are ever filed with the court, the designating party will need to make an appropriate

15  showing under Federal Rules of Civil Procedure 26(c) at that time.  *See* CIVIL L.R. 79-5.

16  **B.   SOCIAL SECURITY NUMBERS**

17  Defendant's motion is GRANTED as to any discovery requests that seek disclosure of the

18  Social Security numbers of the security guards who dealt with Plaintiff or any other witnesses based

19  on Plaintiff's representation in her reply brief that she changed her request to allow the Social

20  Security numbers to be redacted.

21  **C.   PERSONNEL DOCUMENTS AND ASSET PROTECTION POLICIES AND PROCEDURES**

22  Defendant's motion is GRANTED as to the personnel records.  Defendant need only produce

23  any portions of the personnel records that are relevant to Plaintiff's remaining state law claims.[3]  To

24  the extent Defendant seeks an order protecting the personnel files and Defendant's asset protection

25  policies and procedures from public disclosure, the motion is moot in light of the grant of a blanket

26  protective order.  Defendant is free to designate as "Confidential" any such documents that warrant

27

28  _____

[3]   By separate order, the court has dismissed Plaintiff's federal claims and her claim under California Civil Code § 52.1.

ORDER, *page 5*

1    protection under Rule 26(c).

2    Dated:  *January 6, 2011*

3                                              PAUL S. GREWAL
                                               United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2 ***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

3

4 copies sent on    *1/7/11*    to:

5 Nathalie Thuy Van
1037 N. Abbott Avenue
6 Milpitas, CA 95035

7

8      */s/  Donna Kirchner         for*
OSCAR RIVERA
9 Courtroom Deputy

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28