UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| NATALIE THUY VAN, | ) | Case No.: C 08-5296 PSG |
| Plaintiff, | ) ) | **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE MOTIONS FOR SANCTIONS** |
| v. | ) ) | |
| WAL-MART STORES, INC., et al., | ) ) | |
| Defendants. | ) ) | **(Re: Docket No. 327, 335, 329)** |

On April 4, 2011, Plaintiff Natalie Thuy Van ("Van") filed three administrative motions seeking leave to file motions for sanctions against Defendant Wal-mart Stores, Inc. ("Wal-mart"). For the reasons below, these motions are DENIED.

Van requests leave to file a motion for sanctions relating to a subpoena served on non-party Albert Buu-Hoang Nguyen-Phoc ("Phoc").[1] Van does not have standing to bring either the motion for sanctions or the underlying motion to quash on behalf of Phoc.[2]

Van requests leave to file a motion for sanctions for disclosing and certifying false

---

[1] *See* 4/4/11 Admin. Mot. for Leave To File Mot. for Sanctions for Using Jud. Process Improp., Abusing Authority, Failing To Take Reasonable Steps To Avoid Imposing Undue Burden, Loss of Wages, Intruding Upon Non-Party's Privacy, Disclosure of Private Photos, and Req. Docs. Unrelated (Docket No. 327).

[2] *See* Order Denying Admin. Mot. for Leave To File Mot. To Quash (Docket No. ) (explaining that Van lacks standing to bring the motion).

ORDER, *page 1*

information. Van claims that the address for Michael Salanoa Jr. that Wal-mart provided in its Supplemental Initial Disclosure Statement on April 27, 2009 was incorrect because a letter she mailed to that address was returned. Van argues that because this letter was returned, Wal-mart had falsely certified that is disclosure was "complete and correct as of the time it was made"[3] "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry."[4] Van has given the court no information indicating that Wal-mart knew the address was incorrect at the time they made the disclosure or that Wal-mart failed to make a reasonable inquiry. Furthermore, Van has not indicated that she mailed the letter to the address provided in April 2009; thus, she has provided no information that the address was incorrect at the time it was disclosed.

Van requests leave to file a motion for sanctions for Wal-mart's failure to abide by Civ. L.R. 7-11. Van claims that for three motions to seal and the motion for summary judgment filed by Wal-mart, Van did not receive a copy of the motion through the mail until one to two days after the motion was filed on ECF. According to Civ. L.R. 7-11, "the moving party must deliver the motion [for administrative relief] and all attachments to all parties on the same day as the motion is filed."[5] The summary judgement motion is not an administrative motion, and thus Rule 7-11 does not apply. As to the three motions to seal, the court finds that the one or two day delay between the date Wal-mart filed a motion and the date the mailed motion arrived at Van's residence does not justify sanctions.

Dated: April 7, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[3] Fed. R. Civ. P. 26(g)(1)(A).

[4] Fed. R. Civ. P. 26(g)(1).

[5] Civ. L.R. 7-11.

**Notice of this filing was automatically mailed to counsel via the court's Electronic Case Filing system.**

**A copy of this filing was mailed to:**

Nathalie Thuy Van
1037 North Abbott Avenue
Milpitas, CA 95035

Dated: April 8, 2011

                                              */s/ Chambers Staff*
                                    Chambers of U.S. Magistrate Judge Paul S. Grewal