UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATALIE THUY VAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WAL-MART STORES, INC., et al.,<br><br>　　　　Defendants. | Case No.: C 08-5296 PSG<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION TO COMPEL VERIFICATIONS AND LEAVE TO FILE THE MOTION AFTER THE DEADLINE**<br><br>**(Re: Docket No. 331)** |

On April 4, 2011, Plaintiff Natalie Thuy Van ("Van") filed an administrative motion seeking leave to file a motion to compel verifications to Defendant Wal-Mart Stores, Inc.'s ("Wal-mart") verifications to discovery responses.[1] For the reasons below, the motion for leave to file a motion to compel is DENIED.

Van claims that Wal-mart failed to serve the verifications for its response to interrogatories set one and its supplemental response to interrogatories set one. The signed verifications for these responses were both filed on ECF on November 9, 2010 as attachments to the Declaration of

---

[1] *See* 4/4/11 Admin. Mot. for Leave To File Mot. To Compel Verifications (Docket No. 331).

ORDER, *page 1*

1 | Candice A. Mullings in support of Wal-mart's opposition to a previous motion to compel.[2] Van
2 | claims that she did not receive the signed verifications with the responses.  Although the dates of
3 | the signatures on the verifications match the date of service, Van argues that the fax header at the
4 | top of both verifications filed in ECF indicate the signed verifications were transmitted on
5 | September 27, 2010, after the responses were served.  Van's motion makes it clear that she is in
6 | possession of both verification pages.  Thus, there is nothing to compel.

Van also claims that the verifications Wal-mart served for its second supplemental response to interrogatories set one and for its response to interrogatories set two were improper. Earlier in the motion, Van argues that these verifications were improper because they state that the signatory is informed and believes the responses are true. Van argues that a belief the responses are true is not sufficient responses; the signatory must be sure. Fed. R. Civ. P. 33(b)(3) requires only that the responses be made under oath. These verfications properly establish that the written responses were made under oath.

Dated: April 7, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[2] *See* Mullings Decl. Ex. I (verification for response the interrogatories set one, signature dated September 1, 2010); Mullings Decl. Ex. BB (verification for supplemental response the interrogatories set one, signature dated September 17, 2010).

**Notice of this filing was automatically mailed to counsel via the court's Electronic Case Filing system.**

**A copy of this filing was mailed to:**

Nathalie Thuy Van
1037 North Abbott Avenue
Milpitas, CA 95035

Dated: April 8, 2011

                                              */s/ Chambers Staff*
                                       Chambers of U.S. Magistrate Judge Paul S. Grewal