UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN, | Case No.: 5:08-CV-05296 PSG |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND GRANTING DEFENDANT'S BILL OF COSTS** |
| v. | |
| WAL-MART STORES, INC., | |
| Defendant. | **(Re: Docket Nos. 435, 432)** |

Before the court are Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") motions for attorneys' fees and for a bill of costs against Plaintiff Nathalie Thuy Van ("Van"). Wal-Mart moves for attorneys' fees only for the period between November 2008 and January 2011. Van opposes any award of fees or costs to Wal-Mart. The court took the matters under submission without oral argument pursuant to Civ. L.R. 7-1(b). Having considered the arguments and evidence presented by both parties, the court DENIES Wal-Mart's motion for attorneys' fees and GRANTS the bill of costs.

**I.      BACKGROUND**

Van filed this action on November 21, 2008, alleging various civil rights violations on behalf of herself and her minor son, "RVN." In her initial and First Amended Complaint ("FAC"),

Van alleged that Wal-Mart engaged in racial profiling and a practice of unlawfully detaining minor customers and their parents in violation of 42 U.S.C. § 1983, Cal. Civ. Code §§ 51.7 and 52.1, and the Fourth, Fifth, and Fourteen Amendments of the United States Constitution. The factual basis for Van's civil rights claims was Wal-Mart's allegation that RVN had removed several Lego pieces from a box and flushed them down the toilet, when in actuality the pieces that RVN "accidentally dropped into the [] toilet … were the two pieces he had brought with him from home."[1] With respect to her Section 1983 and derivative constitutional and statutory claims, Van further alleged that Wal-Mart acted under color of law in depriving RVN and her of their constitutional rights.[2]

After the February 2010 withdrawal of Van's counsel[3] and a stay of approximately five months during which time Van did not retain new counsel, the court allowed Van to proceed on her own behalf in pro se.[4] On August 2, 2010, Van filed a Second Amended Complaint ("SAC"). In her SAC, Van removed the allegation that the Lego figures dropped in the toilet belonged to RVN, but retained the Section 1983 and derivative claims premised on Wal-Mart's acting under color of law in wrongly accusing RVN of theft and detaining Van and RVN.[5] In addition to the civil rights causes of action in her earlier complaints, Van added tort claims for false imprisonment and defamation.[6] Wal-Mart moved to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. On January 6, 2011, the court granted-in-part Wal-Mart's motion, dismissing all of Van's Section 1983, statutory and constitutional claims, and

---

[1] *See* Docket No. 21 ¶ 12 (FAC).

[2] *See id.* ¶ 24.

[3] *See* Docket No. 41 (Order Granting Plaintiff's Counsel's Motion to Withdraw, Staying Case for 90 Days, and Vacating Pretrial and Trial Dates).

[4] *See* Docket No. 44 (Order Extending Stay of Case) (explaining that Van may not represent her minor son and extending time to find and retain counsel); Docket No. 87 (Order re Plaintiff's Motion to Represent Herself in Pro Per).

[5] *See* Docket No. 91 ¶¶ 13, 36-41 (SAC).

[6] *See id.* ¶¶ 46-47, 88-92.

ORDER, *page 2*

allowing Van to move forward on her tort claims of false imprisonment and defamation.[7] Wal-Mart later prevailed in a motion for summary judgment on Van's remaining claims.[8] Van has appealed the court's ruling on summary judgment to the Ninth Circuit.[9]

During the period between November 2008 and January 2011, or the filing of Van's initial complaint and the court's dismissal of Van's Section 1983 and related statutory and constitutional claims, the parties engaged in active motion practice. Van filed six motions relating to various aspects of the litigation process and requesting sanctions against Wal-Mart and Wal-Mart's counsel, including on May 21, 2010 (seeking sanctions for "court contempt, intimidation, obstruction of justice, malicious practice, and lack of good faith), May 28, 2010 (asking the court to "dismiss" Van's deposition for "civil conduct violation" by Wal-Mart's counsel), May 28, 2010 (seeking sanctions for "harassment" related to Wal-Mart's inquiries and actions related to e-filing of documents), May 28, 2010 (seeking sanctions for "professional and civil conduct violations"), September 8, 2010 (seeking order holding Wal-Mart in contempt for evasive and incomplete discovery responses), and November 18, 2010 (seeking sanctions for Wal-Mart's "conduct and breach of confidentiality"). On November 9, 2010, Wal-Mart moved for sanctions against Van, seeking to "deter the filing of future Motions without meaningful meet and confer efforts," and similarly moved for sanctions on November 15, 2010 in conjunction with a motion for protective order. In a number of written orders, the court denied all of the sanction requests.[10]

Wal-Mart seeks attorneys' fees for the period in question in the amount of $274,610.50. Wal-Mart also seeks payment of its bill of costs in the amount of $4,684.67. Wal-Mart has

---

[7] *See* Docket No. 176 (Order Granting-In-Part and Denying-In-Part Defendant's Motion to Dismiss).

[8] *See* Docket No. 430 (Order Granting Defendant's Motion for Summary Judgment).

[9] *See* Docket No. 442 (Notice of Appeal).

[10] *See* Docket Nos. 86, 88, 89, 90, 181, 182.

provided documentation in support of both motions, including summaries of hours worked, market data on comparable attorney compensation rates, and billing invoices to Wal-Mart from the vendors used throughout the relevant litigation period.

## II. ATTORNEYS' FEES

Wal-Mart seeks to recoup its expenses in responding to and defending against Van's repeated filing of what it calls "groundless vexatious motions" during the relevant time period. Because Van brought these motions as part of her 42 U.S.C. § 1983 action, Wal-Mart argues that an award of reasonable attorneys' fees is warranted pursuant to 42 U.S.C. § 1988(b). Van responds that she brought her motions and Section 1983 allegations in good faith.

### A. Legal Standard

Section 1988(b) provides that the court, in its discretion, may allow the prevailing party in a Section 1983 action reasonable attorneys' fees as part of the costs.[11] When a defendant is the prevailing party in a civil rights action, fees are not awarded merely because the defendant prevails on the merits.[12] Rather, the court must find that the plaintiff's action was unreasonable, frivolous, meritless, or vexatious, even if not brought in subjective bad faith.[13] An action is meritless if it is "groundless or without foundation"[14] and becomes frivolous "when the result appears obvious or the arguments are wholly without merit."[15] In a case involving both frivolous and non-frivolous claims, a court may award costs to the prevailing defendant only for expenses "it would not have

---

[11] 42 U.S.C. § 1988(b).

[12] *See Allen v. City of Los Angeles*, 66 F.3d 1052, 1058, n.2 (9th Cir. 1995).

[13] *See id. See also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007).

[14] *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

[15] *Galen*, 477 F.3d at 666.

incurred but for the frivolous claims."[16] Moreover, a defendant may recover under Section 1988 "if the plaintiff violates this standard at any point during the litigation, not just its inception."[17]

The standard for awarding a defendant costs pursuant to Section 1988 reflects "quite different equitable considerations" from those applied to plaintiffs prevailing on their civil rights claims.[18] A defendant's award is intended to protect from "burdensome litigation having no factual or legal basis."[19] Courts apply this standard with heightened scrutiny when the plaintiff proceeds *pro se*.[20]

In cases involving "multiple claims for relief that implicate a mix of legal theories and have different merits," the district court may apply Section 1988 only "to relieve a defendant of expenses attributable to frivolous charges."[21] It is not the court's goal to "achieve auditing perfection;" the court may use estimates in calculating and allocating an attorney's time.[22] In doing so, the court takes begins with a lodestar figure, which can then be adjusted to account for various factors, including the results obtained and the financial resources of the plaintiff.[23] "While an award of attorney's fees for a frivolous lawsuit may be necessary to fulfill the deterrent purposes of 42 U.S.C. § 1988 …, the award should not subject the plaintiff to financial ruin."[24]

---

[16] *See Fox v. Vice*, 131 S.Ct. 2205, 2211 (2011).

[17] *Galen*, 477 F.3d at 666 (citing *Christiansburg Garment*, 434 U.S. at 422).

[18] *See Fox*, 131 S.Ct. at 2213 (citing *Christiansburg Garment*, 434 U.S. at 419).

[19] *See id.* (citing *Christiansburg Garment*, 434 U.S. at 420).

[20] *See Miller v. Los Angeles County Bd. of Education*, 827 F.2d 617, 19 (9th Cir. 1987).

[21] *See Fox*, 131 S.Ct. at 2214.

[22] *See id.* at 2216.

[23] *See Miller*, 827 F.2d at 621.

[24] *See id.*

**B.     Pursuit of Frivolous or Meritless Claims**

Whether an award of attorney's fees is warranted thus turns on whether Wal-Mart was forced to defend against "unreasonable, frivolous, meritless, or vexatious" claims during the relevant period. At the outset, as the Ninth Circuit requires, the court takes into consideration the fact that Van proceeded without the benefit of counsel for the majority of the period in question.

Wal-Mart contends that Van knew at the time of filing her first complaint that Wal-Mart and the Wal-Mart security team involved in the incident were not acting under color of state law, and that the toys flushed by RVN were Wal-Mart property, not RVN's figures from home. Wal-Mart points to the fact that Van did not and could not allege that Wal-Mart or its security were performing a public function, engaged in joint action with the state, influenced or encouraged by the state, or so closely related for their actions to be fairly treated as that of the state.[25] Instead, Wal-Mart argues that Van relied solely on conclusory allegations that Wal-Mart acted under color of law, notwithstanding the absence of any facts to support the claim. Similarly, according to Wal-Mart, Van premised her civil rights claims on the allegation that Wal-Mart stopped and detained RVN because of his race, even though she knew that RVN had destroyed Wal-Mart property.[26] Therefore, Wal-Mart argues that Van's claims until the court's January 2011 order dismissing all but the later-added tort claims were without foundation because (1) Van knew that Wal-Mart had a legitimate basis for its actions, and (2) could not be sued pursuant to Section 1983 because its actions were not under color of law. Because Van continued to pursue these groundless claims and related motions practice, Wal-Mart argues that Van should pay attorneys' fees for the entire period from November 2008 through January 2011.

---

[25] *See* Docket No. 435 at 7 (Def.'s Mot. For Attorneys' Fees) (citing *Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1038-40 (D. Hawaii 2006)).

[26] *See id.* at 9 (citing Docket No.436, Pliner Decl., Ex. A (Van Depo. 59:2-19, 86:8-17)).

Van responds that she did not bring this action in bad faith and argues that her motions were necessary to report Wal-Mart's conduct to the court. She also emphasizes that Wal-Mart having prevailed on the merits does not create a presumption of vexatious or bad faith litigation. Otherwise, Van largely fails to address Wal-Mart's arguments. In response to the contention that there was no basis in law or fact for her Section 1983 and related claims, Van asserts that Defendant delayed in filing its summary judgment motion for twenty months, did not comply with all applicable rules in litigating the case, and caused serious emotional injuries to Van.[27] On these grounds, Van argues that the court should deny the motion for attorneys' fees in its entirety.

Despite the opportunity to gather and verify facts throughout the discovery process and to twice amend her complaint, Van was unable to allege action under color of state law under any cognizable legal theory.[28] The court thus agrees with Wal-Mart that by maintaining her Section 1983 and related claims that were based upon an allegation of state action, Van continued to pursue a set of claims that lacked foundation in fact. Yet in the case of a pro se litigant seeking to enforce her civil rights, the court must take into account the difficulties inherent in ascertaining the merit of a claim, and the danger that assessing fees against such an individual increases the risk of a chilling effect.[29] For these reasons, the Supreme Court has suggested that "attorney's fees should rarely be awarded against such plaintiffs."[30]

---

[27] *See* Docket No. 445 at 5 (Pl.'s Opp'n to Def.'s Mot. For Attorney's Fees).

[28] *See* Docket No. 176 at 1.

[29] *See Hughes*, 449 U.S. at 14-15 ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims."); *Christiansburg Garment*, 434 U.S. at 422 (noting the risk that assessing fees against plaintiffs "simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII").

[30] *See Hughes*, 449 U.S. at 15 (citing to the principle set forth in *Haines v. Kerner*, 404 U.S. 519 (1972) that the pleadings of pro se litigants should be held to a less stringent standard than formal pleadings drafted by lawyers). *See also Miller*, 827 F.2d at 619 ("The *Christianburg* standard is applied with particular strictness in cases where the plaintiff proceeds pro se.").

In *Miller v. Los Angeles County Bd. of Education*, the Ninth Circuit vacated a fee award under 42 U.S.C. § 1988, finding that the district court on remand must take into consideration the plaintiff's pro se status in assessing whether the action was without merit under *Christiansburg*.[31] The court set forth factors for consideration in such a case, including whether the court found the action appropriate for dismissal short of trial, the ability of the pro se plaintiff to recognize the objective merit (or lack of merit) of a claim, and whether there is evidence of bad faith.[32]

In *Miller*, the district court had determined that the plaintiff's action lacked merit in part based on the fact that several administrative bodies had previously reviewed and rejected the same discrimination claims.[33] In contrast, here Van did not have the guidance of previous findings regarding the objective lack of merit of her claims against Wal-Mart. On the other hand, the *Miller* district court found a sufficient factual basis to allow plaintiff's case to go to trial, whereas here the court here dismissed the pertinent claims at the pleading stage, after Van had several opportunities to amend. In sum, while there may be a sufficient basis upon which to find Van's Section 1983 and related claims lacked foundation, there are equally compelling reasons to find that she was without sufficient ability or even capacity to fairly assess their merit. Nor does Wal-Mart suggest – and the court does not find – evidence of bad faith.

Other district courts have refrained from awarding fees against a pro se plaintiff under similar circumstances. In *Jefferson v. Save Mart Supermarket*, the court dismissed the pro se plaintiff's claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6), but rejected the defendant supermarket's motion for attorney's fees under Section 1988.[34] The court found that notwithstanding the lack of legal merit to the claim, the plaintiff appeared to be unaware of the

---

[31] *See Miller*, 827 F.2d at 620.

[32] *See id.*

[33] *See id.*

[34] *See* No. S-09-2562 FCD/GGH, 2011 WL 3606643 (E.D. Cal. Aug. 16, 2011).

defect in his claim and had not attempted previously to bring the same claim, militating against a finding that the action was unreasonable, frivolous, meritless or vexatious.[35] Similarly in *Page v. Jefferson Transit Authority*, the court rejected the defendant transit authority's motion for fees after it prevailed against the pro se plaintiff's discrimination claims at summary judgment.[36] Looking at the record as a whole, the court in *Page* noted that the plaintiff's inability to carry his burden at summary judgment and the fact that he earlier had lost a related claim and been ordered to pay fees were insufficient grounds for awarding attorney's fees under the Ninth Circuit's stringent Section 1988 standard for pro se plaintiffs.[37] In contrast, an award of fees against pro se plaintiffs may appropriate under more extreme circumstances. For example, in *DeNardo v. Johnstone*, the court ordered payment of attorney's fees based on the plaintiff's bad faith and extreme indifference to multiple, earlier court rulings that "any lay person" would have recognized as a clear directive to halt further litigation on the same claims, inclusive of an injunction against further litigation issued by the Ninth Circuit.[38]

In light of Van's pro se status for the majority of the period in question, including the entire period affected by what Wal-Mart deems to be vexatious motion practice, and the absence of any evidence of bad faith or of Van's ability to objectively weigh the merit of her Section 1983 and related claims, the court finds insufficient grounds to grant Wal-Mart's motion for attorneys' fees.

---

[35] *See id*, 2011 WL 3606643, at *3.

[36] *See* No. C08-5456RJP, 2009 WL 2884754 (W.D. Wash. Sept. 8, 2009).

[37] *See id.* at *2.

[38] *See* 772 F. Supp. 462, 467-70 (D. Alaska, 1991).

### III. BILL OF COSTS

Fed. R. Civ. P. 54 creates a presumption in favor of allowing the prevailing party to collect costs other than attorneys' fees.[39] Nevertheless, the district court retains discretion to refuse to award costs based upon "specific reasons."[40] These reasons may include the losing party's limited financial resources, misconduct on the part of the prevailing party, and in the context of civil rights cases, the potential chilling effect of imposing high costs on future civil rights litigants.[41] Because costs generally are awarded "as a matter of course," the requirement that the district court must give reasons for denying costs "is, in essence, a requirement that the court explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."[42] The court need not explain its reasons, however, for awarding costs consistent with Rule 54.[43] The party objecting to the assignment of costs bears the burden of overcoming the presumption and establishing why the prevailing party is not so entitled.[44]

Wal-Mart requests the court award its costs in the amount of $4,684.67. Wal-Mart has submitted counsel's summary of costs and copies of invoices submitted for services rendered in connection with the litigation.[45] In opposing costs, Van raises four issues: the economic disparity between herself as an individual and Wal-Mart; her inability to pay the costs; the chilling effect on

---

[39] *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."). *See also Ass'n of Mexican-Am. Educators v. State of Calif.*, 231 F.3d 572, 591 (9th Cir. 2000) ("By its terms, [Rule 54(d)(1)] creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs.") (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).

[40] *See Ass'n of Mexican-Am. Educators* at 591.

[41] *See id.* at 592 (citations omitted).

[42] *See id.* at 593.

[43] *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

[44] *See id.* at 944-945 (citing *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999)).

[45] *See* Docket No. 433 (Pliner Decl. in Support of Bill of Costs), Exs. B, C, D.

future civil rights litigants; and whether the issues of the case were "close and complex."[46] Van repeats the same arguments with respect to all aspects of Wal-Mart's bill of costs. Van provides little, however, support for her arguments. Her accompanying declaration states only that she has "paltry resources" while Wal-Mart is a "large and powerful economic company," and that Van "cannot pay any costs in this litigation due to hardship."[47] Beyond these conclusory statements, Van does not offer any evidence that she is of limited financial resources or would be subjected to hardship if ordered to pay Wal-Mart's costs.[48] Moreover, as discussed with respect to Wal-Mart's motion for attorneys' fees, Van's civil rights claims were not meritorious because she could not allege state action on the part of Wal-Mart.

Even assuming the accuracy of Van's statements regarding her limited financial resources and the complexity and merits of her case, the court does not find these reasons sufficient to overcome the presumption under Rule 54(d)(1). In *Save Our Valley v. Sound Transit*, the Ninth Circuit affirmed the district court's assignment of costs, even though the court did not explain its reasoning and the losing party was a nonprofit organization with limited resources that had brought a meritorious civil rights case raising issues of public importance.[49] Although the Ninth Circuit surmised that the district court may have believed the "relatively small sum" at issue would not create a chilling effect on future civil rights litigation, and that there was no misconduct on the part of the prevailing party or that were other reasons to award costs, the court rested its affirmance on

---

[46] *See* Docket No. 449 at 2 (Pl.'s Opp'n to Def.'s Bill of Costs).

[47] *See* Docket No. 448 at 2 (Van Decl. in Opp'n to Def.'s Bill of Costs).

[48] Wal-Mart disputes that Van's financial resources are so limited as to cause hardship and provides some support with its references to Van's deposition testimony, as well as that of her husband. *See* Docket No. 452 at 3-4 (Def.'s Reply in Support of Bill of Costs).

[49] *See Save Our Valley v. Sound Transit*, 335 F.3d at 945-46.

the fact that the district court "need only conclude that the reasons advanced by the party bearing the burden – the losing party – are not sufficiently persuasive to overcome the presumption."[50]

Here, the court has not received evidence that would indicate an assignment of $4,684.67 in costs will place Van in danger of financial hardship, and the only claims surviving until summary judgment were based in tort, weakening any likelihood of a chilling effect on plaintiffs seeking to raise meritorious civil rights claims under similar circumstances. Nor does the economic disparity between Van and Wal-Mart or the fact that she zealously litigated her claims warrant a shift away from the presumption of costs to the prevailing party in this case. The court therefore GRANTS Wal-Mart's Bill of Costs.

### IV.    CONCLUSION

In accordance with the foregoing, IT IS HEREBY ORDERED that Wal-Mart's motion for attorneys' fees is DENIED and Wal-Mart's Bill of Costs is GRANTED. The clerk shall enter Wal-Mart's bill of costs as filed.[51]

Dated:  1/20/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[50] *See id.* at 946.

[51] *See* Docket No. 432.

ORDER, *page 12*