UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>               Plaintiff,<br><br>       v.<br><br>WAL-MART STORES, INC.,<br><br>               Defendant. | Case No.: 5:08-CV-05296 PSG<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE FOR RECONSIDERATION REGARDING BILL OF COSTS**<br><br>**(Re: Docket No. 465)** |

On January 20, 2012, the court issued an order for payment of Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") bill of costs against Plaintiff Nathalie Thuy Van ("Van") in the amount of $4,684.67.[1] In its order, the court noted that Fed. R. Civ. P. 54 creates a presumption in favor of the prevailing party to collect costs other than attorneys' fees.[2] Although the district court retains

---

[1] *See* Docket No. 464 (Order Granting Bill of Costs and Denying Motion for Attorneys' Fees).

[2] *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."). *See also Ass'n of Mexican-Am. Educators v. State of Calif.*, 231 F.3d 572, 591 (9th Cir. 2000) ("By its terms, [Rule 54(d)(1)] creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs.") (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).

discretion to refuse to award costs based upon "specific reasons," such as the limited financial resources of the losing party or misconduct by the prevailing party,[3] costs generally are awarded "as a matter of course." Moreover, the district court must give reasons for denying costs, but need not explain its reasons for awarding costs consistent with Rule 54.[4] The party objecting to the assignment of costs bears the burden of overcoming the presumption and establishing why the prevailing party is not so entitled.[5] After reviewing the submissions of both parties, the court found that Van did not overcome the presumption under Rule 54(d)(1) and awarded costs to Wal-Mart.

Van now moves for administrative leave for a motion for further consideration with regard to the court's order on the bill of costs.[6] Van's motion, however, does not set forth any basis for "further consideration" of the court's previous order.[7] Instead, Van makes the unorthodox request that "the Court further order Defendant Wal-Mart to take over ownership of Plaintiff's primary residence for the amount of the judgment $4,684.67. In taking over the ownership of the property, Defendant Wal-Mart is to properly pay off the two existing mortgage loans of the property."[8] Van states that the basis for this request is her inability to otherwise satisfy the amount owed. Van offers evidence of her bank account balances to demonstrate her inability to pay the bill of costs.[9] Wal-Mart opposes the motion on the grounds that Van may not now seek to reargue new facts or issues that were not presented to the court earlier, and that Van cites no authority in support of her request for assignment of the mortgages.

---

[3] *See Ass'n of Mexican-Am. Educators* at 591-592 (citations omitted).

[4] *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

[5] *See id.* at 944-945 (citing *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999)).

[6] *See* Docket No. 465 (Pl.'s Admin. Leave for Mot. for Further Consideration).

[7] *See* Civ. L.R. 7-9 (setting forth the requirements for seeking a motion for reconsideration).

[8] *See id.* at 2.

[9] *See* Docket No. 467 (Van Decl.), Exs. 5-11.

Construing Van's motion as a motion for leave to seek reconsideration of an earlier court order, Van has not demonstrated a material difference in fact or law or the emergence of new material facts or a change in law that would warrant reconsideration, or a manifest failure by the Court to consider the facts or law presented.[10] Nor is the court aware of any basis or authority on which it may carry out Van's request for an order assigning her mortgages to Wal-Mart. Accordingly, Van's motion for leave for further consideration is hereby DENIED.

Dated: 2/7/2012

                                      PAUL S. GREWAL
                                      United States Magistrate Judge

---

[10] *See* Civ. L.R. 7-9(b).