**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8      UNITED STATES DISTRICT COURT
9      NORTHERN DISTRICT OF CALIFORNIA
10     SAN JOSE DIVISION
11   NATHALIE THUY VAN,                    )   Case No. 5:08-cv-05296-PSG
                                           )
12              Plaintiff,                 )   **SECOND AMENDED FINAL JURY**
                                           )   **INSTRUCTIONS**
13        v.                               )
                                           )
14   WAL-MART STORES, INC.,                )
                                           )
15              Defendant.                 )
                                           )
16   _____      )
17
18
19
20
21
22
23
24
25
26
27
28

# 1. DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

## 2. COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Mr. Rivera, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

1

### 3. RETURN OF VERDICT

2

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

### 4. BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

## 5. BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has a burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

**6. BIAS**

Each one of us has biases about or certain perceptions or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We may not be fully aware of some of our other biases.

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

## 7. CORPORATIONS AND PARTNERSHIPS

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## 8. INSURANCE

You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

**9. STIPULATIONS OF FACT**

The parties have agreed to the following facts:

    1.  Plaintiff Nathalie Thuy Van is a citizen of the United States and a resident of Milpitas, California.

    2.  Van is the mother of Rainier Nguyen-Phuoc.

    3.  Defendant Wal-Mart Stores, Inc. is a corporation doing business in Milpitas, California.

    4.  Wal-Mart store no. 2119 is located at 301 Ranch Drive, Milpitas, CA 95035.

    5.  November 24, 2007 was a Saturday, two days after Thanksgiving.

    6.  On November 24, 2007, Van dropped Rainier, who was 12-years old at the time, at Wal-Mart store no. 2119 and went to another store across the street.  Rainier entered the store and went to the toys section.

    7.  Wal-Mart's asset protection associates, Noe Leon and Michael Salanoa, Jr., followed Rainier from the toys section to the men's restroom.

    8.  Leon and Salanoa apprehended Rainier while he was still physically inside Wal-Mart store no. 2119.

    9.  Rainier was detained in a Wal-Mart asset protection office.

    10.  Wal-Mart paged Van over Wal-Mart's loud speaker system.

    11.  While in the asset protection office, Van was given two documents: "Notification of Restriction from Property" and "California Penal Code Section 490.5."

    12.  While in the asset protection office, Van was told that she had to sign the acknowledgment on the document entitled "Notification of Restriction from Property."

You should therefore treat these facts as having been proved.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 10. DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

## 11. EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 12. IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness testified differently on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

United States District Court
For the Northern District of California

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

### 13. FAILURE TO EXPLAIN OR DENY EVIDENCE

If a party failed to explain or deny evidence against him/her/it when he/she/it could reasonably be expected to have done so based on what he/she/it knew, you may consider his/her/its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

## 14. LIABILITY OF CORPORATIONS

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

## 15. CUSTOM OR PRACTICE

You may consider customs or practices in the community in deciding whether Wal-Mart acted reasonably. Customs and practices do not necessarily determine what a reasonable person would have done in Wal-Mart's situation. They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 16. "SUBSTANTIAL FACTOR"

Van alleges several claims against Wal-Mart that require there be a "substantial factor."

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## 17. FALSE IMPRISONMENT

Van claims that she was wrongfully confined and detained by Wal-Mart. To establish this claim, Van must prove all of the following:

> 1. That Wal-Mart intentionally deprived Van of her freedom of movement by use of physical barriers, threats of force, menace, fraud, deceit, or unreasonably duress;

> 2. That the confinement and detention compelled Van to stay somewhere for some appreciable time, however short;

> 3. That Van did not knowingly or voluntarily consent;

> 4. That Van was actually harmed; and

> 5. That Wal-Mart's conduct was a substantial factor in causing Van's harm.

If you find elements 1, 2, and 3 above, but you find that Van was not actually harmed, she is still entitled to a nominal sum, such as one dollar.

Van need not have been aware that she was being confined and detained at the time.

18

United States District Court
For the Northern District of California

### 18. UNRUH CIVIL RIGHTS ACT

Van claims that Wal-Mart denied her full and equal facilities, privileges, or services because of her race, ancestry or national origin. To establish this claim, Van must prove all of the following:

    1. That Wal-Mart denied and discriminated full and equal facilities, privileges, or services to Van;

    2. That a substantial motivating reason for Wal-Mart's conduct was its perception of Van's race, ancestry, or national origin;

    3. That Van was harmed; and

    4. That Wal-Mart's conduct was a substantial factor in causing Van's harm.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

**19. NEGLIGENT HIRING, TRAINING, SUPERVISION, OR RETENTION OF EMPLOYEE**

Van claims that she was harmed by Security Guards Noe Leon and Michael Salanoa, and that Wal-Mart is responsible for that harm because Wal-Mart negligently hired, trained, supervised, or retained Leon and Salanoa. To establish this claim, Van must prove all of the following:

    1. That Leon or Salanoa was unfit or incompetent to perform the work for which either was hired;

    2. That Wal-Mart knew or should have known that Leon or Salanoa was unfit or incompetent and that this unfitness or incompetence created a particular risk to others;

    3. That Leon's or Salanoa's unfitness or incompetence harmed Van; and

    4. That Wal-Mart's negligence in hiring, training, supervising, or retaining Leon or Salanoa was a substantial factor in causing Van's harm.

United States District Court
For the Northern District of California

## 20. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Van claims that Wal-Mart's conduct caused her to suffer severe emotional distress. To establish this claim, Van must prove all of the following:

1. That Wal-Mart's conduct was outrageous;

2. That Wal-Mart acted with reckless disregard of the probability that Van would suffer emotional distress, knowing that Van was present when the conduct occurred;

3. That Van suffered severe emotional distress; and

4. That Wal-Mart's conduct was a substantial factor in causing Van's severe emotional distress.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

1

## 21. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—
## "OUTRAGEOUS CONDUCT" DEFINED

2

3

4

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 22. INTENTIONAL INFLICTION OF EMOTION DISTRESS— "RECKLESS DISREGARD" DEFINED

Wal-Mart acted with reckless disregard in causing Van's emotional distress if:

     1. Wal-Mart knew that emotional distress would probably result from its conduct; or

     2. Wal-Mart gave little or no thought to the probably effects of its conduct.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

1

## 23. INTENTIONAL INFLICTION OF EMOTION DISTRESS—
## "SEVERE EMOTIONAL DISTRESS" DEFINED

2

3

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

4

5

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Van is not required to prove physical injury to recover damages for severe emotional distress.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 24. NEGLIGENT MISREPRESENTATION

Van claims she was harmed because Wal-Mart negligently misrepresented a fact. To establish this claim, Van must prove all of the following:

      1. That Wal-Mart represented to Van that a fact was true;

      2. That Wal-Mart's representation was not true;

      3. That Wal-Mart has no reasonable grounds for believing the representation was true when it made it;

      4. That Wal-Mart intended that Van rely on this representation;

      5. That Van reasonably relied on Wal-Mart's representation;

      6. That Van was harmed; and

      7. That Van's reliance on Wal-Mart's representation was a substantial factor in causing her harm.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

## 25. OPINIONS AS STATEMENTS OF FACT

Ordinarily, an opinion is not considered a representation of fact. An opinion is a person's belief that a fact exists, a statement regarding a future event, or a judgment about quality, value, authenticity, or similar matters.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 26. REASONABLE RELIANCE

In determining whether Van's reliance on the misrepresentation was reasonable, she must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether it was reasonable for Van to rely on the misrepresentation. In making this decision, take into consideration Van's intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a misrepresentation that is preposterous. It is also not reasonable for anyone to rely on a misrepresentation if facts that are within her observation show that it is obviously false.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

**27. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Van claims that Wal-Mart's conduct caused her to suffer serious emotional distress. To establish this claim, Van must prove all of the following:

> 1. That Wal-Mart was negligent;
>
> 2. That Van suffered serious emotional distress; and
>
> 3. That Wal-Mart's negligence was a substantial factor in causing Van's serious emotional distress.

Alternatively, Van can establish this claim by proving all of the following:

> 1. That Wal-Mart negligently caused injury or harm to Rainier Ngyuen-Phuoc;
>
> 2. That when the incident on November 24, 2007 that caused injury or harm to Rainier occurred, Van was present at the scene;
>
> 3. That Van was then aware that the incident on November 24, 2007 was causing injury to Rainier;
>
> 4. That Van suffered serious emotional distress; and
>
> 5. That Wal-Mart's conduct was a substantial factor in causing Van's serious emotional distress.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 28. NEGLIGENCE

Van claims that she was harmed by Wal-Mart's negligence. To establish this claim, Van must prove all of the following:

    1. That Wal-Mart was negligent;

    2. That Van was harmed; and

    3. That Wal-Mart's negligence was a substantial factor in causing Van's harm.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

## 29. APPORTIONMENT OF RESPONSIBILITY

Wal-Mart claims that the fault of Rainier contributed to Van's harm. To succeed on this claim, Wal-Mart must prove both of the following:

> 1. That Rainier was at fault; and

> 2. That the fault of Rainier was a substantial factor in Van's harm.

If you find that the fault of more than one person including Wal-Mart and Rainier was a substantial factor in causing Van's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of Van's total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

"Person" can mean an individual or a business entity.

This instruction does not apply to Van's claims of false imprisonment, intentional infliction of emotional distress, California's Unruh Act, and 42 U.S.C. § 1981.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

### 30. NEGLIGENCE—BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person or company can be negligent by acting or failing to act. A person or company is negligent if he or it does something a reasonably careful person or company would not do in the same situation or fails to do something that a reasonably careful person or company would do in the same situation.

You must decide how a reasonably careful person would have acted in Wal-Mart's situation.

31

1

## 31. NEGLIGENCE—STANDARD OF CARE FOR MINORS

2

Rainier is a child who was 12 years old at the time of the incident. Children are not held to the
same standards of behavior as adults. A child is required to use the amount of care that a
reasonably careful child of the same age, intelligence, knowledge, and experience would use in that
same situation.

You must decide how a reasonably careful person would have acted in Van and Wal-Mart's
situation and how a reasonably careful child of the same age, intelligence, knowledge, and
experience as Rainier would have acted in that same situation.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

## 32. RELIANCE ON GOOD CONDUCT OF OTHERS

Every person has a right to expect that every other person will use reasonable care and will not violate the law, unless he or she knows, or should know, that the other person will not use reasonable care or will violate the law.

"Person" can mean an individual or a business entity.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

### 33. VIOLATION OF FEDERAL CIVIL RIGHTS—42 U.S.C. § 1981

Van claims that she was harmed in violation of 42 U.S.C. § 1981.  To prevail on her 1981 claim, Van has to prove all of the following:

      1. Van attempted to contract for services with Wal-Mart;

      2. Van was denied the right to contract for those services by Wal-Mart;

      3. That Van's race or national origin was a motivating factor in Wal-Mart's denial of the right to contract for services with Wal-Mart; and

      4. That such services remained available to others outside the protected class.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 34. MOTIVATING FACTOR

As to Van's claim that her race, national origin, and ancestry was a motivating factor for the Wal-Mart's decision to detain her, Van has the burden of proving both the following elements by a preponderance of evidence:

> 1. Van was detained by Wal-Mart; and

> 2. Van's race, national origin, or ancestry was a motivating factor in Wal-Mart's decision to detain Van.

If you find that Van has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, Van has failed to prove either of these elements, your verdict should be for the defendant.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

## 35. LIMITED CAPACITY OF A MINOR TO CONTRACT

A minor has limited capacity to entire into contracts and a contract of a minor may be disaffirmed by the minor before majority.  A disaffirmance of an agreement by a minor does not operate to terminate the contractual obligations of the parent who signed the agreement.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

## 36. DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any one of Van's claims, you must determine her damages. Van has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Van for any injury you find was caused by Wal-Mart. You should consider the following:

      1. The nature and extent of the injuries; and

      2. The mental and emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

## 37. DAMAGES ON MULTIPLE LEGAL THEORIES

Van seeks damages from Wal-Mart under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Wal-Mart is liable to Van under the following legal theories:

> 1. False Imprisonment;

> 2. Intentional Infliction of Emotional Distress;

> 3. California's Unruh Act

> 4. 42 U.S.C. § 1981;

> 5. Negligence;

> 6. Negligent Infliction of Emotional Distress;

> 7. Negligent Hiring, Training, Supervision, and Retention of Employee;

> 8. Negligent Misrepresentation.

Damages for pain and suffering or emotional distress are recoverable only once under all of the above legal theories.

Nominal damages are recoverable only once for false imprisonment.

**38. DISTRESS FROM BRINGING A LAWSUIT IS NOT COMPENSABLE**

Van cannot recover emotional distress damages for anxiety caused by other life stressors, including anxiety caused by litigating this case.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

## 39. A WRONGDOER TAKES ITS VICTIM AS IT FINDS HER

A wrongdoer takes its victim as it finds her, meaning that the wrongdoer is liable for any injury it causes, no matter how unforeseeable, unlikely, or improbable, and the wrongdoer is liable for all consequences of the victim's injury.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

1

## 40. MENTAL SUFFERING AND EMOTIONAL DISTRESS

When considering past mental suffering, loss of enjoyment of life, grief, anxiety, humiliation, and emotional distress, no fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

Case No. 5:08-cv-05296-PSG
SECOND AMENDED FINAL JURY INSTRUCTIONS

### 41. PUNITIVE DAMAGES

If you decide that Wal-Mart's conduct caused Van harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Wal-Mart only if Van proves that Wal-Mart engaged in that conduct with malice, oppression, or fraud. To do this, Van must prove one of the following by clear and convincing evidence:

      1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Wal-Mart, who acted on behalf of Wal-Mart;

      2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Wal-Mart; or

      3. That one or more officers, directors, or managing agents of Wal-Mart knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Wal-Mart acted with intent to cause injury or that Wal-Mart's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Wal-Mart's conduct was despicable and subjected Van to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Wal-Mart intentionally misrepresented or concealed a material fact and did so intending to harm Van.

An employee is a "managing agent" if he exercises substantial independent authority and judgment in his corporate decision making such that his or her decisions ultimately determine corporate policy.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

    (a) How reprehensible was Wal-Mart's conduct?

      1. Whether the conduct caused physical harm;

      2. Whether Wal-Mart disregarded the health and safety of others;

      3. Whether Wal-Mart's conduct involved a pattern or practice; and

      4. Whether Wal-Mart acted with trickery or deceit.

    (b) Is there a reasonable relationship between the amount of punitive damages and Van's harm?

    (c) In view of Wal-Mart's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Wal-Mart has substantial financial resources.

42

## 42. JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

**SO ORDERED.**

Dated: January 12, 2015

PAUL S. GREWAL
United States Magistrate Judge

43

United States District Court
For the Northern District of California