UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| NATHALIE THUY VAN, | ) | Case No. 5:08-cv-05296-PSG |
| Plaintiff, | ) ) ) | **SECOND FURTHER INSTRUCTION TO THE JURY** |
| v. | ) ) | |
| WAL-MART STORES, INC., | ) ) | |
| Defendant. | ) ) | |

### 46. INSTRUCTION RE: JURY NOTE NO. 3

Each of these questions is for you to decide.

California Penal Code § 490.5(f) provides:

(1) A merchant may detain a person for a reasonable time for the purpose of conducting an investigation in a reasonable manner whenever the merchant has probable cause to believe the person to be detained is attempting to unlawfully take or has unlawfully taken merchandise from the merchant's premises.

A theater owner may detain a person for a reasonable time for the purpose of conducting an investigation in a reasonable manner whenever the theater owner has probable cause to believe the person to be detained is attempting to operate a video recording device within the premises of a motion picture theater without the authority of the owner of the theater.

A person employed by a library facility may detain a person for a reasonable time for the purpose of conducting an investigation in a reasonable manner whenever the person employed by a library facility has probable cause to believe the person to be detained is attempting to unlawfully remove or has unlawfully removed books or library materials from the premises of the library facility.

(2) In making the detention a merchant, theater owner, or a person employed by a library facility may use a reasonable amount of nondeadly force necessary to protect himself or herself and to prevent escape of the person detained or the loss of tangible or intangible property.

(3) During the period of detention any items which a merchant or theater owner, or any items which a person employed by a library facility has probable cause to believe are unlawfully taken from the premises of the merchant or library facility, or recorded on theater premises, and which are in plain view may be examined by the merchant, theater owner, or person employed by a library facility for the purposes of ascertaining the ownership thereof.

(4) A merchant, theater owner, a person employed by a library facility, or an agent thereof, having probable cause to believe the person detained was attempting to unlawfully take or has taken any item from the premises, or was attempting to operate a video recording device within the premises of a motion picture theater without the authority of the owner of the theater, may request the person detained to voluntarily surrender the item or recording. Should the person detained refuse to surrender the recording or item of which there is probable cause to believe has been recorded on or unlawfully taken from the premises, or attempted to be recorded or unlawfully taken from the premises, a limited and reasonable search may be conducted by those authorized to make the detention in order to recover the item. Only packages, shopping bags, handbags or other property in the immediate possession of the person detained, but not including any clothing worn by the person, may be searched pursuant to this subdivision. Upon surrender or discovery of the item, the person detained may also be requested, but may not be required, to provide adequate proof of his or her true identity.

(5) If any person admitted to a theater in which a motion picture is to be or is being exhibited, refuses or fails to give or surrender possession or to cease operation of any video recording device that the person has brought into or attempts to bring into that theater, then a theater owner shall have the right to refuse admission to that person or request that the person leave the premises and shall thereupon offer to refund and, unless that offer is refused, refund to that person the price paid by that person for admission to that theater. If the person thereafter refuses to leave the theater or cease operation of the video recording device, then the person shall be deemed to be intentionally interfering with and obstructing those attempting to carry on a lawful business within the meaning of Section 602.1.

(6) A peace officer who accepts custody of a person arrested for an offense contained in this section may, subsequent to the arrest, search the person arrested and his or her immediate possessions for any item or items alleged to have been taken.

(7) In any civil action brought by any person resulting from a detention or arrest by a merchant, it shall be a defense to such action that the merchant detaining or arresting such person had probable cause to believe that the person had stolen or attempted to steal merchandise and that the merchant acted reasonably under all the circumstances.

In any civil action brought by any person resulting from a detention or arrest by a theater owner or person employed by a library facility, it shall be a defense to that action that the theater owner or person employed by a library facility detaining or arresting that person had probable cause to believe that the person was attempting to operate a video recording device within the premises of a motion picture theater without the authority of the owner of the theater or had stolen or attempted to steal books or library materials and that the person employed by a library facility acted reasonably under all the circumstances.

**SO ORDERED.**

Dated: January 13, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge