UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN, | Case No. 5:08-cv-05296-PSG |
| Plaintiff, | **ORDER GRANTING-IN-PART MOTION TO ALLOW BILL OF COSTS** |
| v. | |
| WAL-MART STORES, INC., | **(Re: Docket No. 614)** |
| Defendant. | |

Following a jury verdict in favor of Plaintiff Nathalie Thuy Van and against Defendant Wal-Mart Stores, Inc., Wal-Mart seeks an award of costs and reasonable attorney's fees. While Van concedes that an award of costs incurred after Wal-Mart made an offer of judgment is warranted, she disputes certain post-offer costs, all pre-offer costs and all fees. The court GRANTS-IN-PART Walmart's motion and awards Wal-Mart $1,736.81 in post-Rule 68 offer costs. All other costs and fees are DENIED.[1]

**I.**

Van dropped her son Rainier off at a Wal-Mart in Milpitas, California.[2] After spending some time playing with Legos in the toy aisle, Rainier went to use the restroom.[3] Suspecting that

---

[1] Because Wal-Mart did not appear at the hearing on this motion, *see* Docket No. 625, the court takes its understanding of Wal-Mart's position from its papers alone.

[2] *See* Docket No. 498 at ¶ 8.

1
Case No. 5:08-cv-05296-PSG
ORDER GRANTING-IN-PART MOTION TO ALLOW BILL OF COSTS

Rainier was about to steal or had in fact stolen some toys, two Wal-Mart security guards took Rainier to the security office, where they waited for his mother.[4] Van and Rainier remained in the security office for several minutes, while the security officers questioned Rainier about the Legos in his pockets.[5] Although Van offered to pay for the Legos that Rainier allegedly stole, Van and Rainier were only able to leave the security office after Van signed a Notification of Restriction from Property, which she believed restricted her from ever returning to Wal-Mart.[6] Van also believed that she and her son had been detained as a result of their race.[7]

This lawsuit followed. On December 22, 2014, Wal-Mart made an offer of judgment to Van in the amount of $51,000.[8] Van did not accept the offer.[9] After six years of litigation, including an appeal to the Ninth Circuit, the case finally went to trial earlier this year.[10] A nine-person jury found that Wal-Mart was liable on three claims—negligence, negligent misrepresentation and negligent hiring, retention and supervision— and not liable on five claims— 42 U.S.C. § 1981, Unruh Act, intentional infliction of emotional distress, negligent infliction of emotional distress and false imprisonment.[11] The jury awarded Van $30,000 in damages.[12]

Wal-Mart now moves for an award of costs in the amount of $67,743.96, comprised of $11,497.63 in expenses and $56,246.33 in attorney's fees.

---

[3] *See id.* at ¶¶ 9-10.

[4] *See id.* at ¶ 13.

[5] *See id.* at ¶ 15.

[6] *See id.* at ¶¶ 27-28.

[7] *See id.* at ¶¶ 13, 21.

[8] *See* Docket No. 614 at 3.

[9] *See id*.

[10] Docket No. 575.

[11] Docket No. 604.

[12] *Id.*

**II.**

This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

**III.**

Wal-Mart asks this court to award three kinds of costs: (1) post-offer of judgment costs of $6,764.30, (2) pre-offer costs of $4,658.93 and (3) reasonable attorney's fees of $56,246.33 under 28 U.S.C § 1988. While certain post-offer costs are justified, the other costs and fees are not.

***First***, Wal-Mart is entitled to post-offer costs. Under Fed. R. Civ. P. 68, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."[13] "An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs."[14] "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."[15] "Rule 68 leaves no room for the court's discretion."[16] As noted above, Wal-Mart served an offer of judgment on Van in the amount of $51,000 on December 22, 2014. Van did not accept. Because the jury only awarded Van $30,000, Wal-Mart is entitled to recover its post-offer costs.[17] The only question is how much.

For its post-offer costs, Wal-Mart seeks $6,764.30 for depositions, reproduction and exemplification, witness fees, trial tech and court reporter transcripts. While some of these costs

---

[13] Fed. R. Civ. P. 68(a).

[14] Fed. R. Civ. P. 68(b).

[15] Fed. R. Civ. P. 68(d).

[16] *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996).

[17] *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1028 (9th Cir. 2003).

are justified, the majority are not.[18] The biggest problem is that Wal-Mart's documentation as to reproduction and exemplification is insufficient. One invoice indicates that the unit price for copying is $0.10 per page.[19] But a summary of post-offer costs indicates that some copies carry a unit price of $0.10 per page, some cost $0.15 per page and others cost $0.64 per page.[20] Although

---

[18] *See* Civil L.R. 54-3. Standards for Taxing Costs:

. . .

(b) Reporters' Transcripts

(1) The cost of transcripts necessarily obtained for an appeal is allowable.

(2) The cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel is allowable.

(3) The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel.

   (c)  Depositions

      (1) The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable.

      (2) The expenses of counsel for attending depositions are not allowable.

      (3) The cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable.

      (4) Notary fees incurred in connection with taking depositions are allowable.

      (5) The attendance fee of a reporter when a witness fails to appear is allowable if the claimant made use of available process to compel the attendance of the witness.

   (d)  Reproduction and Exemplification

      (1) The cost of reproducing and certifying or exemplifying government records used for any purpose in the case is allowable.

      (2) The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable.

      (3) The cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable.

      (4) The cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided.

      (5) The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial. . . .

[19] *See* Docket No. 614-10 at 5.

[20] *See* Docket No. 617.

4
Case No. 5:08-cv-05296-PSG
ORDER GRANTING-IN-PART MOTION TO ALLOW BILL OF COSTS

the documentation indicates that all copying happened in-house, Wal-Mart offers no explanation why there could be such varying costs for photocopying within the same document processing center.[21]  The court thus will tax costs for reproduction and exemplification evenly at a rate of $0.10 per page.[22]  This amounts to $1736.81.

Wal-Mart also seeks costs for reproduction and exemplification of Wal-Mart's SEC Form 10-Ks and Van's medical records, which were all excluded from trial well before the copies were made.[23]  It is unreasonable to make copies of materials that cannot and will not be used during the course of trial and then charge the other side for costs that were either inadvertently or inefficiently incurred.[24]

Wal-Mart's request for "trial tech fees" is similarly inappropriate under this court's local rules.  While the local rules allow for "[t]he cost of preparing charts, diagrams, videotapes and other visual aids . . . necessary to assist the jury,"[25] "L.R. 54-3(d) [covers the preparation of such demonstratives but] excludes cost of equipment rental to present visual aids."[26]

Wal-Mart also seeks to recover $2,230.05 in costs for trial transcripts.  Under the local rules, reporters' transcript costs are allowable where the transcripts are necessary for an appeal, where the transcript serves as a ruling from the bench that the parties must reduce to a formal order

---

[21] Counsel's representation that $0.15 and $0.64 per page are reasonable prices because that is what Kinko's charges is unavailing because Kinko's was not the vendor engaged for such processing. *See* Docket No. 614-2 at ¶ 17.  The court does not look to a reasonable market rate as to costs but rather to actual costs incurred.

[22] This taxation is suggested by Wal-Mart in its submission at Docket No. 614-10 at 5.

[23] *See* Docket No. 546.

[24] Wal-Mart has withdrawn the number of pages it seeks to recover by 1,354 pages ($203.10).  *See* Docket No. 621 at 2.  Wal-Mart has also withdrawn $130.00 in witness fees for Eileen Lee because Lee never accepted payment.  *See id*.

[25] Civil L.R. 54-3(d)(5).

[26] *Plantronics, Inc. v. Aliph, Inc.*, Case No. 09-cv-00714, 2012 WL 6761576, at *9 (N.D. Cal. Oct. 23, 2012) (citing *Minor v. Christie's, Inc.*, Case No. 08-cv-05445, 2011 WL 902235, at *24 (N.D. Cal. Jan. 29, 2011)).  *See also Fowler v. Cal. Highway Patrol*, Case No. 13-cv-01026, 2014 WL 3965027, at *4 (N.D. Cal. Aug. 13, 2014) ("Defendants' in-court technical support and equipment rental fees are not properly taxed as costs because they are not, by their own terms, acts of copying or exemplification.").

or where prior approval has been ascertained from the judge or by stipulation.[27] Wal-Mart has not shown that it satisfies any of these requirements. Pursuant to 28 U.S.C. § 1920, a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."[28] Even under this broader statutory standard, Wal-Mart has not explained how the transcripts were "necessarily obtained" for use in the case.[29]

*Second*, Wal-Mart's attempt at securing pre-offer costs under 28 U.S.C. § 1332 fails. Under 28 U.S.C. § 1332(b), if a plaintiff recovers less than $75,000, "the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."[30] While Wal-Mart may have had the better of the argument had this been a diversity case, Van rightly points out that this case is governed by federal question jurisdiction and that her state law claims were properly in federal court under supplemental jurisdiction.[31] Specifically, Van's Section 1981 claim was adjudicated through trial and was sufficient to establish federal question jurisdiction. That Van failed to secure a judgment that meets the statutory minimum does not give the court discretion to impose costs on the plaintiff.

*Finally*, the court is not persuaded by Wal-Mart's justification for attorney's fees. It is true that Section 1988(b) gives the court discretion to grant the prevailing party reasonable attorney's fees as part of the costs in a Section 1981 case.[32] It is also true that the jury found Wal-Mart not liable on the Section 1981, in addition to other, claims. But the jury held Wal-Mart liable for Van's claims of negligence, negligent misrepresentation and negligent hiring, retention and supervision, ultimately awarding her $30,000 in damages. And so the question becomes, who prevailed?

---

[27] *See* Civil L.R. 54-3(b).

[28] 28 U.S.C. § 1920.

[29] In fact, Wal-Mart seems to presume that it is entitled to these costs, neglecting to reference Section 1920 in its papers at all.

[30] 28 U.S.C. § 1332(b).

[31] *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367; Docket No. 498.

[32] *See* 42 U.S.C. § 1988(b).

6
Case No. 5:08-cv-05296-PSG
ORDER GRANTING-IN-PART MOTION TO ALLOW BILL OF COSTS

"A court must choose one and only one 'prevailing party' to receive any costs award."[33] And in this case, Van prevailed. After the jury awarded Van $30,000, this court entered judgment in her favor.[34] Wal-Mart offers no authority to support the notion that the determination of prevailing party can be parsed claim-by-claim. Even under Wal-Mart's narrow conception that a party can be the prevailing party as to one claim even if that party is ultimately the losing party in the litigation as a whole, fees would still not be warranted. In the Ninth Circuit, when a defendant prevails in a civil rights action, the court may award fees if the plaintiff's action was unreasonable, frivolous, meritless or vexatious.[35] Van's claims were none of these things.[36] First, the Ninth Circuit reversed this court on the question of the sufficiency of Van's Section 1981 claim.[37] Second, although Wal-Mart sought summary judgment on the Section 1981 claim,[38] this court denied that motion after finding that genuine issues of material fact existed.[39] Under such

---

[33] *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010); *see also Oracle Am. Inc. v. Google Inc.*, Case No. 10-cv-03561, 2012 U.S. Dist. LEXIS 125237, at *5-6 (N.D. Cal. Sept. 4, 2012) (even in mixed judgment cases the district court must "pick one side as the 'prevailing party' for the purposes of taxing costs").

[34] *See* Docket Nos. 604, 605; *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598, 603 (2001) (a prevailing party is "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . also termed successful party."); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (plaintiffs may be considered prevailing parties for attorney's fee purposes "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."); *Shapiro ex rel. Shapiro v. Paradise Valley Uni. Sch. Dist. No. 69*, 374 F.3d 857, 865 (9th Cir. 2004) ("a party may be considered 'prevailing' even without obtaining a favorable final judgment on all (or even the most crucial) of her claims.").

[35] *See Allen v. City of Los Angeles*, 66 F.3d 1052, 1058, n.2 (9th Cir. 1995); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007).

[36] *See Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 968 (9th Cir. 2011) ("Our laws encourage individuals to seek relief for violations of their civil rights, and allow a defendant to recover fees and costs from a plaintiff in a civil rights case only in exceptional circumstances in which the plaintiff's claims are frivolous, unreasonable or without foundation.") (internal quotation marks omitted).

[37] *See* Docket No. 485 at 3.

[38] Docket No. 518.

[39] Docket No. 541. While the parties agreed that Van returned to Wal-Mart after the incident-in-question, there was an issue of disputed fact as to whether Van ever shopped at Wal-Mart again.

circumstances, this court cannot say that a claim is frivolous merely because the plaintiff did not prevail at trial.[40]

### IV.

Wal-Mart's motion to allow bill of costs is GRANTED-IN-PART. The court awards Wal-Mart $1,736.81.

**SO ORDERED.**

Dated: March 20, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[40] Wal-Mart points to no authority that allows attorney's fees on a claim that was presented for summary judgment, where summary judgment as to that claim was denied.