UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>        Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant. | Case No. 5:08-cv-05296-PSG<br><br>**ORDER GRANTING MOTION FOR STAY**<br><br>**(Re: Docket No. 640)** |

On January 13, 2015, following a jury verdict awarding Plaintiff Nathalie Thuy Van $30,000, the court entered judgment against Defendant Wal-Mart Stores, Inc. and in favor of Van.[1] Two days later, Van filed a notice of appeal and, later, an amended notice of appeal.[2] The court subsequently issued Van a writ of execution.[3]

Wal-Mart now moves for a stay of judgment and recall of the write of execution. Van opposes. At the hearing, the court recalled the writ but took the motion for stay under submission.[4] Having considered the parties respective arguments, the court now GRANTS Wal-Mart's stay motion.

---

[1] *See* Docket No. 605.

[2] *See* Docket Nos. 606, 611.

[3] *See* Docket No. 639.

[4] *See* Docket No. 652.

**I.**

This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

Wal-Mart seeks a stay of judgment pending appeal. Pursuant to Fed. R. Civ. P. 62(d), an appellant may obtain a stay of judgment by posting a supersedeas bond at or after the time of filing the notice of appeal.[5] Posting the bond allows a stay as a matter of right.[6] Although the text of Rule 62(d) only refers to bonds, courts have interpreted the rule with some flexibility, allowing other forms of security as may be appropriate for a given case.[7] "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment."[8]

Wal-Mart has not posted a bond or any other security which would protect Van from future non-payment. In its discretion, however, the court may grant a stay in the absence of a bond, after considering a number of factors, including:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.[9]

Wal-Mart's primary argument for a stay without a bond is that by taking an appeal for a judgment in which she prevailed, Van has triggered an automatic supersedeas. Wal-Mart acknowledges that the Ninth Circuit has not yet considered the issue but notes that various courts have relied on

---

[5] Fed. R. Civ. P. 62(d).

[6] *See id.*

[7] *See, e.g.*, *Townsend v. Holman Consulting Corp.*, 939 F.2d 1358, 1367 (9th Cir. 1991) (en banc); *Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985).

[8] *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

[9] *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (internal citations omitted).

language in *Bronson v. La Crosse & M.R. Co.*, 68 U.S. 408 (1863) in holding that "a litigant may not accept all or a substantial part of the benefit of a judgment and subsequently challenge the unfavorable aspects of that judgment on appeal."[10] At the same time, other courts have rejected this view, holding that a bond may be waived only if enforcement of the judgment would be inconsistent with the appeal.[11]

The plain language of Rule 62(d) requires that a bond be posted to stay a judgment pending an appeal, and though the Rule provides some exceptions, an appeal by the prevailing party is not among them. For this reason, the court declines to adopt Wal-Mart's position and those courts in accord and instead holds that, as held by the Fifth, First and Seventh Circuits, a prevailing party's appeal stays the execution of a lower court judgment without bond only when the prevailing party seeks appellate relief that is inconsistent with enforcement of the lower court's judgment.

Wal-Mart nevertheless is entitled to the relief it seeks because Van's appeal and execution of the judgment are, in fact, inconsistent. Under Van's theory, presumably she is owed the $30,000 and then some. But Wal-Mart correctly points out that Van's amended notice states she is appealing part of the judgment as well as exclusion of evidence of certain damages and jury instructions. In her "docketing statement" filed in the Ninth Circuit, Van similarly asserts that the jury was improperly instructed and her medical bills should have been admitted to show the "nature and extent of her injuries."[12] Should Van prevail on appeal, a new trial may be ordered and the judgment would be vacated.[13]

---

[10] *Price v. Franklin Inv. Co.*, 574 F.2d 594, 597 (D.C. Cir. 1978) (internal citations omitted); *see also Tennessee Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 797-99 (4th Cir. 1986); *Sealover v. Carey Canada*, 806 F. Supp. 59, 61-62 (M.D. Pa. 1992); *Advent Sys. Ltd. v. Unisys Corp.*, Case No. 88-cv-03100, 1990 WL 20192 (E.D. Pa. Mar. 1, 1990).

[11] *See, e.g.*, *Enserch Corp. v. Shand Morahan & Co., Inc.*, 918 F.2d 462, 464 (5th Cir. 1990); *Trustmark Ins. Co. v. Gallucci*, 193 F.3d 558 (1st Cir. 1999); *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 617 (7th Cir. 1992).

[12] *See* Docket No. 640-5.

[13] *Cf. Czarniak v. 20/20 Inst., L.L.C.*, Case No. 10-cv-03115, 2013 WL 5366407, at *1 (D. Colo. Sept. 25, 2013).

A stay makes sense for another reason. Two of the law firms who previously represented Van have filed lien notices based on their fee agreements. A stay of enforcement of the judgment is necessary to protect Wal-Mart from exposure from Van's former attorneys in light of the recent withdrawal of representation by Banys, P.C. and Van's decision to proceed *pro se*. Van's representations in this and other litigation suggests that she may not be in a position to indemnify Wal-Mart in response to a putative action by her former counsel.

## II.

Wal-Mart's motion for stay without a bond is GRANTED.

**SO ORDERED.**

Dated: May 14, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge