UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>       Plaintiff,<br><br>       v.<br><br>WAL-MART STORES, INC.,<br><br>       Defendant. | Case No. 08-cv-05296 NC<br><br>**ORDER RESOLVING ATTORNEY CLAIMS AND ORDERING DISTRIBUTION OF FUNDS DEPOSITED WITH THE CLERK OF COURT** |

This order resolves claims by two sets of attorneys against a $30,000 judgment in favor of plaintiff Nathalie Thuy Van and orders a distribution of funds that were deposited with the Court under Fed. R. Civ. P. 67.

The case has a lengthy history. A short version is recounted here as is relevant to the disputed funds. All parties and the claimants have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. ECF 16, 17, 710, 711. Plaintiff Van prevailed at a jury trial against Wal-Mart Stores on claims of negligent hiring, training, and supervision; negligence; and negligent misrepresentation. ECF 604. The jury awarded her $30,000 in compensatory damages. ECF 604. The Court entered judgment in favor of Van on January 13, 2015. ECF 605.

After judgment, the Court awarded Wal-Mart $1,736.81 in costs. ECF 628. And in a separate order, the Clerk of Court taxed costs of $6,759.53 against Wal-Mart. ECF 629.

The Ninth Circuit Court of Appeals affirmed. ECF 667.

When the time came for enforcing the judgment, Wal-Mart moved under Rule 67 to deposit the funds with the Court. ECF 673. After notice, briefing, and a hearing, the Court granted Wal-Mart's Rule 67 motion. ECF 697. Wal-Mart then deposited $36,958.17 with the Clerk of Court. ECF 700. (The amount of the deposit was greater than the judgment because of the calculation of interest and the impact of the orders on costs). That money was invested by the Clerk in accordance with Rule 67(b) and 28 U.S.C. §§ 2041 and 2042. As of December 22, 2020, the fund had added $1,880.83 in interest, for a total of $38,839. The precise amount varies daily.

The history would end there, except there were two claims filed against the funds deposited with the Court. The first claim was filed by attorney Anthony Boskovich. Boskovich represented Van at the beginning of the case. He filed the initial complaint for Van in November 2008 and was counsel of record until the Court granted his withdrawal motion on Feb. 11, 2010. ECF 41. Boskovich filed notice of an attorney lien at ECF 42.

Van then represented herself for the next four and a half years, covering more than 450 docket entries. Attorneys Christopher D. Banys and Jennifer Lu Gilbert of law firm Banys, P.C., appeared for Van on September 4, 2014. ECF 493 and 494. Banys and Gilbert filed an amended complaint, prepared for the jury trial, and represented Van at the trial between January 5 to 13, 2015. *See* Trial Minutes, ECF 575, 582, 585, 595, and 601. Two days after trial, Van filed a "Notice of Changes in the Attorney-Client Relationship of Plaintiff Nathalie Thuy Van And Her Attorneys Of Record Banys P.C." ECF 607. That Notice, signed and filed by Van, declared that the "relationship" of Van and her attorneys of record "has ended." ECF 607. Banys P.C. filed a Notice of Lien for attorney's fees and costs at ECF 633.

How much are the claims against the deposited funds of approximately $38,839? Boskovich claimed $529.98 in out-of-pocket expenses and $20,880 in attorney fees, for a total of $21,409.98. ECF 702. Banys P.C. claimed $34,112.40 in fees and costs. ECF 701. The total attorney claims on the fund are therefore $55,522.38. Consequently, the claims on

2

the fund greatly exceed the available resources.

Van disputes that the attorney claimants should receive any money out of the funds deposited with the Court. As to Boskovich, she asserts that his services did not produce a positive judgment or settlement, that he committed malpractice, and violated various Court rules and rules of professional conduct. ECF 706, 707. As to Banys P.C., Van asserts that they committed malpractice and violated various Court rules and rules of professional conduct. ECF 703, 704, 713, 714, 715. Van further charged that Banys presented "fraudulent documents" to this Court during the hearing on the claims. ECF 713.

How then to resolve these competing claims for a limited fund? Unfortunately, it is impossible to satisfy all the claimants.

As a starting point, I must assess whether Boskovich and Banys have a legitimate basis to seek recovery from the fund. They both point to their contingent fee agreements with Van as the source of their legal interest.

"A contingent fee agreement, whereby an attorney receives compensation only when he obtains a recovery for his client, necessarily involves some risk on the part of the attorney. This type of contract has been described as one entered into by attorneys or speculators on the one part, and persons claiming some right of action which they are either unable or unwilling to prosecute at their own expense, on the other, and by which the attorney or speculator undertakes to render legal or other services, either personally or through an agent, and to take his compensation in the form of a stated proportion of the amount recovered if a recovery be effected." *Hensel v. Cohen*, 155 Cal. App. 3d 563, 567, 202 Cal. Rptr. 85, 87 (Ct. App. 1984) (additional citations omitted).

An attorney who accepts employment on a contingent fee arrangement and is later discharged by his client is entitled to "a *quantum meruit* recovery for the reasonable value of his services, upon the occurrence of any contingency contemplated by his contract," whether or not the client had good cause to discharge the attorney. *Id.* In *Hensel,* the Court also explained that an attorney who withdraws from a case with "justifiable cause" may recover for his or her services. 202 Cal. Rptr. at 87.

"Quantum meruit (or quasi-contract) is an equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Entm't. Grp. Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992) (citation omitted). The elements of a claim based on quasi-contract are: "(1) that the plaintiff performed certain services for the defendant, (2) their reasonable value, (3) that they were rendered at defendant's request, and (4) that they are unpaid." *Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co.*, 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000) (citing *Haggerty v. Warner*, 115 Cal. App. 2d 468, 475 (1953)).

Here, I find that both Boskovich and Banys P.C. had enforceable agreements with Van; performed valuable legal services on her behalf, at her request; and were unpaid. I am not persuaded by Van's charges that her attorneys committed malpractice or violated Court or professional conduct rules. I am not persuaded that Banys presented fraudulent documents to the Court during the hearing on this motion.

But what was the reasonable value of the work? And how do I weigh the comparative value of the work? Boskovich started the case but withdrew almost five years before the trial. Banys P.C. worked a shorter, but more intense period of the case, and was successful on some of the claims at trial.

At the hearing, Boskovich deferred to the work of Banys, graciously recognizing that Van's trial counsel had more proximate impact on the result than he did. I agree that between Banys and Boskovich, the Banys firm contributed more directly to the trial win. Banys staffed three lawyers on the case and spent hundreds of hours working on it. Accordingly, I award Boskovich $529.98 in recovery for his out-of-pocket costs, and zero dollars in attorney fees.

As to Banys P.C., I award the full $12,663.15 in attorneys' fees requested. This is 40% due under the contingency fee agreement for the $30,000 judgment plus interest, as calculated at ECF 701 at pp. 3-4. And I award $10,000 in reimbursable case expenses and advanced costs. This is substantially less than what Banys requested ($23,668.97 in case

expenses, $2,325.98 in advanced costs, plus $2,454.52 in interest), but it is the amount I determine was a reasonable expense, rendered at Van's request. Two excessive costs under the circumstances were trial hotel rooms at the Fairmont ($8,879.76) and food ($2,423.55). Banys is a local firm and I do not find it was reasonable to book the Fairmont for a five-day trial of this magnitude.

In conclusion, I order the Clerk of Court to disburse the funds held in this case as follows:

- Anthony Boskovich: $529.98
- Banys P.C.: $22,663.15
- Nathalie Thuy Van: the remainder of the funds (approximately $15,645.87)

The Clerk of Court may provide additional logistical information to the parties about the distribution of the funds. Once the distribution is made, there should be zero dollars held in the Rule 67 deposit in this case. And the case will be closed. Any appeal must be timely filed with the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Date: January 12, 2021

_____
Nathanael M. Cousins
United States Magistrate Judge